### 18356. SCOTT *v.* THE STATE.

WYATT, Justice. 1. The general grounds of the motion for new trial are not argued by the plaintiff in error in his brief. We have, however, carefully examined the evidence and find that it amply supports the verdict.

2. The first special ground of the motion for new trial (numbered ground 4) complains because the court refused a timely written request to give in charge to the jury the law relating to involuntary manslaughter.

The evidence which it is contended authorized the charge on involuntary manslaughter is the testimony of a witness for the State, who testified that the defendant and the deceased were involved in an argument; that they went to the car together and got a shotgun and returned to the house; that both the deceased and the defendant had hold of the shotgun when the witness left the room; that shortly after he left the room, he heard a shot, and then went and asked a neighbor to call the police; that when the police arrived, the deceased was dead. The defendant in his statement said that he and the deceased had hold of the gun and he gave it a sling and tore it away from her and she fell on the sofa; that just as she reached the sofa, the gun went off without any intention on his part to shoot it, and the shot hit the deceased. As will be seen from the above stated facts, there is no question of involuntary manslaughter in the instant case. The theory set out in the above statement is that of accident or misfortune, and the judge charged fully upon this theory of the defense. This was the most that the evidence demanded. It was, therefore, not error to refuse the requested charge. See *Fair* v. *State,* 171 *Ga.* 112 (155 S. E. 329).

3. The second ground of the amended motion for new trial (numbered 5), complains of a long excerpt from the charge of the court. The contention is that the court, by repeating the possible forms of the verdict in case the defendant were found guilty, and by stating only once the form of the verdict in case the defendant were found not guilty, tended to impress upon the minds of the jury that the judge felt that under the evidence the defendant should be found guilty. There is no merit in this ground of the motion for new trial. We have read the charge of the court very carefully, and find that it fully and fairly states the principles of law applicable to the evidence adduced upon the trial. The excerpt excepted to is preceded by a charge upon the theory of accident or misfortune, and is followed by the form of the verdict if the defendant were acquitted. It cannot in any way be construed as an intimation on the part of the trial court as to what the verdict should have been.

4. The third special ground of the motion for new trial (numbered 6) complains that it was error to refuse a new trial based upon alleged newly discovered evidence. The newly discovered evidence relied upon is an affidavit in which the deponent stated that she heard the deceased tell the defendant that she would kill him if he went back to his wife. There is no merit in this ground. This evidence cannot be newly discovered, certainly insofar as the defendant is concerned, and there is no affidavit by the defendant in the record that he did not know of the evidence at the time of the trial. See, in this connection, *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268).

5. The fourth special ground of the motion for new trial (numbered 7) contends that the State failed to prove venue. The evidence tending to establish venue was the testimony of a witness who testified that the shooting took place at his residence in a named apartment house in Brunswick, Georgia. Another witness who lived in the same apartment house testified that he heard a shot, went down the hall, and saw the defendant step out into the hall from the apartment where the deceased

was found shot. A police officer testified that he was a member of the "City Police Department, here in Brunswick," and that he went to the named apartment house and investigated the shooting. This evidence establishes beyond question that the shooting occurred in Brunswick, Georgia. We will take judicial notice that Brunswick is the site of Glynn County, is wholly within Glynn County, and that Glynn County is in the State of Georgia. See *Hubbard* v. *State,* 208 *Ga.* 472 (67 S. E. 2d 562), and cases there cited.

6. The fifth special ground (numbered 8) contends that it was error to overrule the motion for new trial based upon alleged newly discovered evidence. The newly discovered evidence relied upon was by affidavit of an attorney, who stated that the said attorney called the defendant at the jail on the day the alleged shooting occurred and the date of an alleged statement made by the defendant concerning the shooting which was at variance with his statement on the trial; and that he was told by the person answering the telephone that the defendant was too drunk to come to the telephone. There is no merit in this ground of the motion for new trial for the same reasons as stated in division 4 of this opinion.

7. It follows, there is no merit in any of the grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1953—DECIDED OCTOBER 14, 1953.

*Chris B. Conyers, W. A. Wraggs,* for plaintiff in error.

*W. Glenn Thomas, Solicitor-General, Colon J. Cogdell, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.