## 62838. ROLAND v. THE STATE.

BIRDSONG, Judge.

Clinton Eugene Roland was charged with murder and convicted of the voluntary manslaughter of his stepfather. Roland returned to his mother's home from fishing at about 10:30 p.m. on July 1, 1980. He found his sister and his stepfather watching television in the same room in which Roland slept. He commenced to take off his boots and asked his sister who had moved his car which had had a flat tire. Roland's stepfather stated that he had moved the car and challenged Roland to do something about it. The stepfather (Anderson) then attacked Roland who was seated by kneeling in Roland's lap and striking him about each temple. Roland's sister and his mother, who had been called to the scene, pulled the stepfather off Roland and apparently believed the altercation was finished. The stepfather however resumed the attack and apparently struck Roland in the back of the head and at the corner of his left eye with a hard object which may have been a claw hammer. Once again the two women broke up the altercation. The stepfather demanded that Roland leave and the stepfather also left the room. Roland and his sister walked out to Roland's car but Roland stated to his sister that he had something to say to his mother. Roland came back into the house just as the stepfather returned to the room. It appears that Roland had

armed himself with a pistol and when the stepfather entered the television room from the kitchen, Roland fired the pistol. There was evidence that this round harmlessly struck a wall. The stepfather however began to advance on Roland who then shot several more times striking the stepfather. The autopsy report indicated that the victim was struck by at least three bullets. Two of these entered the body from the rear and one of these (in the back of the head) appeared to have been fired while the victim was on the floor or falling towards the floor. Appellant following his conviction for voluntary manslaughter brings this appeal enumerating twenty alleged errors. *Held:*

1. In his first enumeration of error, Roland complains that the trial court erred in allowing the state to introduce impeaching testimony of its own witness, appellant's sister. The sister gave a statement to a police officer on the night of the shooting which was substantially different from her testimony at trial. The state made a showing of surprise and offered the evidence for impeachment purposes only. We find no error. *Thomas v. State,* 239 Ga. 734, 735 (3) (238 SE2d 888); *Robinson v. State,* 150 Ga. App. 642, 643 (3) (258 SE2d 294).

2. Appellant in his second enumeration contends error in the admission of three pictures of the deceased. The basis of this enumeration is that the pictures were never properly identified as being accurate representations of what they portrayed. The evidence is to the contrary. The doctor who performed the autopsy identified the body, the pictures and the purpose for which the pictures were made, i.e., to depict the trajectory and angle of entry of the wounds. *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468); *Adams v. State,* 142 Ga. App. 252, 254 (5) (235 SE2d 667). There was no error in the admission of these pictures.

3. In enumerations 3 and 4, Roland argues the trial court erred in refusing the defense counsel the right to refer to "the hammer" as an item of evidence. Again we find the action of the trial court to be proper. The hammer, as such, was not offered or allowed *into* evidence but the trial court did not preclude defense counsel from arguing that the hard object with which Roland says he was struck might have been a hammer. The trial court has the right and duty to govern the procedures and scope of argument at trial. We find no error in this restraint imposed upon the defense. See *Bradley v. State,* 137 Ga. App. 670, 673 (8) (224 SE2d 778).

4. In enumerations 5, 6, 7, 8, 9, 11, 12, and 18, appellant complains of charges given by the trial court relating to the direct and circumstantial evidence, credibility and impeachment of witnesses, weight to be attached to photographs, definitions of malice,

voluntary manslaughter, and self-defense. In his discussion of these various charges, appellant isolates sentences and portions of charges. By so doing, he takes the individual portions of the charge out of context. When viewed alone, these may be confusing or misleading but when viewed as a part of the entire charge, we find they were raised by the evidence, stated correct principles of law and could not have confused a jury of average understanding. We find no error in any of these charges. See *Brown v. Matthews,* 79 Ga. 1 (4 SE 13); *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917).

5. Enumerations 19 and 20 urged error in the failure of the trial court to charge either of the statutory forms of involuntary manslaughter. We find no error in this failure to charge. In the first place, appellant did not request a charge on the lesser offense of involuntary manslaughter. In the absence of such a request, it is not error to fail to give such a charge. *Smith v. State,* 236 Ga. 5, 10 (6) (222 SE2d 357); *Jones v. State,* 138 Ga. App. 828, 830 (227 SE2d 519). Moreover, appellant offered no evidence giving rise to involuntary manslaughter. By his evidence, he either intentionally shot the victim in self-defense with a deadly weapon, which was not the doing of a lawful act in an unlawful manner or he intended to scare Mr. Anderson by shooting at or near him, thereby committing an unlawful act amounting to a felony which resulted in death. The thrust of his defense was that he intended to scare his stepfather and did not intend to kill him and that the homicide was an accident. The trial court fully charged on this theory. *Merritt v. State,* supra.

6. In Enumeration 10, appellant argues that the trial court erroneously charged the jury to receive appellant's statement with caution. The error proceeds, according to appellant, from the confusion between a pre-trial statement offered against him and his sworn statement as a witness. Considering the charge of the court as a whole, we will not place such an inability to discern the two portions of the court's charge relating to the out-of-court statement and the in-court testimony. We find this portion of the charge to be sufficiently clear and without error. *Merritt v. State,* supra, p. 153.

7. In Enumerations 13, 14, 15, and 16, appellant complains the trial court erred in charging on the theory of mutual combat. We reject such a contention out of hand. The evidence was ample to raise an issue of whether Roland and his stepfather mutually assaulted each other with deadly weapons. In its charge, the trial court fully charged the issue of mutual combat, withdrawal from mutual combat, and excusal from the resulting homicide based on self-defense. It would have been error had the trial court not charged on this issue. *Powell v. State,* 143 Ga. App. 684, 686 (239 SE2d 560). We find no error in these enumerations.

8. In enumeration no. 17, appellant urges error in the charge on self-defense. We find no error in this charge. It is immaterial whether an issue of self defense is raised by the state's evidence or through that of the defendant. In this case the trial court informed the jury that once the issue was raised, the burden of proof was upon the state to establish that the homicide was unlawful and not the product of an act of self-defense. We find no error in this charge by the trial court. *Franklin v. State,* 136 Ga. App. 47, 48 (2) (220 SE2d 60).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 18, 1982 —
REHEARING DENIED FEBRUARY 8, 1982 — ▮

*Benson Ham,* for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.