65206. SAVAGE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant, along with three others, was indicted for the offenses of burglary and aggravated assault. He was tried separately and convicted of the offense of burglary and acquitted of the aggravated assault charge. Defendant appeals his conviction of the offense of burglary, contending the trial court erred in refusing to grant his motion for a directed verdict of acquittal, the evidence was insufficient to support the conviction and the trial court erred in instructing the jury as to the manner of changing their initial verdict as to theft to one of burglary. *Held:*

1. The state's uncontroverted evidence shows that the burglary in question was perpetrated by a number of individuals. In *Miller v. State,* 163 Ga. App. 406 (294 SE2d 614), one of the perpetrators had his conviction reviewed in which the same essential question is involved as to whether the jury was authorized to convict based upon the same evidence. An accomplice who testified for the state in *Miller* here testified for the defense, and his memory was not quite as accurate as to the participation of this defendant. Nevertheless, that case is controlling as to the evidence and error in failing to direct a verdict of acquittal at the conclusion of the state's presentation of evidence. For the same reasons as stated in *Miller v. State,* supra, there is no merit in the enumerations of error with reference to the adequacy of the evidence to convict this defendant.

2. When the jury returned its verdict it was written out as guilty of theft, whereas the defendant was charged with burglary.

Whereupon, the jury was instructed by the court that the findings as to the second charge (other than aggravated assault in which the verdict was acquittal) was not clear, and the court asked the jury to return to the jury room and examine the indictment as to the charge, which was burglary, defined as including the unlawful unauthorized entry of a building without authority and with the intent to commit theft, but the charge is that of burglary. The trial court instructed the jury to reconsider the specific charge in the indictment and all the instructions the court had previously given and to reword their finding "either guilty of burglary or not guilty." Whereupon, when the jury departed exception was made to the recharge by the court. By brief, defendant fails to argue the enumerations of error except as to the sufficiency of the evidence to convict. Therefore, the remaining enumeration of error involving the jury instruction to change the initial finding is deemed abandoned. However, we find no merit in this enumeration of error based upon *Cross v. State,* 124 Ga. App. 152, 153 (2) (183 SE2d 93), as the court refused to receive the verdict and further instructed the jury to return to the jury room and reconsider the specific charge and all instructions previously given and to record the findings as shown above.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 12, 1983.

*Stanley F. Birch, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, Chris Walker, Assistant District Attorney,* for appellee.