68383. PATTON v. THE STATE.

DEEN, Presiding Judge.

Charles K. Patton was convicted of driving under the influence of alcohol and driving outside the terms of his probationary license. (He received this license approximately two years after being convicted as a habitual violator.) This appeal follows the denial of his motion for a new trial.

1. The trial court did not err in overruling appellant's motion to sever the two counts which was made after the issue was joined. Severance lies within the sound discretion of the trial judge, and we find no abuse of the court's discretion. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975); *Owens v. State*, 233 Ga. 905, 910 (213 SE2d 860) (1975).

2. Appellant contends that the court below erred in overruling his objection to the state's mentioning on three occasions his refusal to take a blood test. A refusal to take a blood alcohol test which was requested by a police officer is not an act coerced by the officer, and the refusal is not protected by the privilege against self-incrimination. *Wessels v. State*, 169 Ga. App. 246 (312 SE2d 361) (1983).

3. Appellant assigns as error the trial court's charge on the second count which alleged he violated the terms of his probationary license, contending the court failed to charge the standard the jury should apply.

The day prior to the jury charge the court informed counsel of its intended charge, and the appellant made a motion requesting the court charge as to what standard the jury should apply in determin-

ing whether he had violated the restrictions on his probationary license. Counsel was given until the next day to find some authority and to make a written request for charge. No additional request to charge was filed.

The evidence showed that appellant was traveling east on Bankhead Highway when he was stopped by the police officer. The officer gave him the Miranda warnings and appellant stated he was taking a friend home. On cross-examination appellant admitted he was driving his friend home and was driving in the opposite direction from his own home. He further claimed he had stopped at a package store to buy a pack of cigarettes.

The court charged the jury that a person who has been declared a habitual violator and had his license revoked for two years may be issued a probationary license for a maximum period of three years, and then the court went on to explain the conditional nature of such a license, the conditions attached to it, and that violation of these conditions constitute a misdemeanor. The court further charged that if the jury found the defendant was on his way home from work and that he had departed from the route and that the departure was reasonable under the circumstances, they should acquit him of the charge of violating his probationary license. The court also charged that the state carried the burden of proof and that the jury must find guilt beyond a reasonable doubt. We find the jury needed no further instruction.

4. Appellant's other enumeration pertaining to the jury charge is somewhat confusing. He claims that because the arresting officer offered him a breath test and later changed the request to a blood test, the jury should have been instructed that he had a "right to refuse the blood test and no inference should be taken against him for his refusal to take the blood test as this was the sole defense and explanation of appellant's refusal."

The evidence showed that after appellant was stopped by the police officer, the officer read him the implied consent warning and appellant does not deny he received it. Instead, he claims that he did not discover the officer wanted him to have a blood test until they reached the hospital, as he believed the officer had originally stated he only wanted him to take "a test." Appellant claims he refused to take the blood test because of his fear of needles. The officer testified that he informed the appellant he was to take a blood test after he read the provisions of the implied consent law to him. The officer testified that he stopped appellant after he received a tip from a passing motorist and observed him driving at an accelerated speed after exiting from a package store and stopping for a traffic light. When appellant exited his vehicle, the officer noted he stumbled, had difficulty standing and had to use the car to support himself, had difficulty

finding his license and insurance card, his clothing was disarrayed, had an odor of alcoholic beverages about his person, and was unable to perform the requested field sobriety tests.

OCGA § 40-5-55 (Code Ann. § 68B-306) requires persons driving motor vehicles under the influence of drugs or alcohol to submit to state administered tests of their blood, urine, breath or other bodily substances for the purpose of determining alcoholic or drug content. OCGA § 40-6-392 (Code Ann. § 68A-902.1) gives the accused the right to an additional test, but it does not satisfy his obligation to submit to the state administered test. The evidence is uncontroverted that the appellant refused to take the blood test. We find no merit in this enumeration.

5. The general grounds are without merit. We have reviewed the evidence in the light most favorable to the prosecution and find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 3, 1984.

*Glenn Zell*, for appellant.

*Herbert A. Rivers, Solicitor, John G. Isom, Assistant Solicitor*, for appellee.