## 70659. MATHEWS v. THE STATE.
(336 SE2d 259)

BENHAM, Judge.

Appellant was convicted of driving under the influence of alcohol and running a red light. He now appeals.

1. Appellant maintains the evidence was insufficient to support the guilty verdicts. We disagree.

A police officer testified he saw a two-door red Cougar automobile, traveling at "a very high rate of speed," go through the red light governing the traffic at the intersection where the officer sat. He followed the car into a service station and saw appellant exit the Cougar from the driver's side. As he approached appellant, the officer noted appellant appeared slow, dazed, and confused, and had red, glassy eyes. The officer also detected a strong odor of alcohol. After administering three field sobriety tests to appellant, the officer arrested him on suspicion of driving under the influence. The officer expressed his opinion that appellant was "visibly intoxicated."

Appellant and another witness testified that appellant was not driving the automobile and, on appeal, appellant argues the State did not produce sufficient evidence that he was driving the vehicle. However, the testimony of the arresting officer was sufficient evidence from which a rational trier of fact could conclude beyond a reasonable doubt that appellant was the driver. *Stewart v. State*, 165 Ga. App. 62 (1) (299 SE2d 134) (1983).

2. The trial court did not err when it permitted the arresting officer to give his opinion as to whether or not appellant was under the influence of alcohol. *State v. Golden*, 171 Ga. App. 27, 30 (318 SE2d 693) (1984); *Jones v. State*, 168 Ga. App. 106 (2) (308 SE2d 209) (1983).

3. Appellant next cites as error the trial court's instruction to the jury that refusal to submit to the chemical analysis required by OCGA § 40-5-55 is admissible evidence. This was not error. See *Wessels v. State*, 169 Ga. App. 246 (2) (312 SE2d 361) (1983). See also *Patton v. State*, 170 Ga. App. 807 (4) (318 SE2d 231) (1984).

4. The final error enumerated by appellant concerns the content of the trial court's recharge to the jury. The foreman explained to the court that he wished to hear the wording of the statute — "Is it exactly just the wording alcohol or is it alcohol and drugs, that's my question." The trial court responded, "It's alcohol and drugs, and/or drugs . . . You can be under the influence of alcohol or drugs or

both." When the jury retired, defense counsel brought to the court's attention the fact that the accusation on which appellant was being tried charged him with only being under the influence of alcohol. After colloquy with counsel, the trial court asked the bailiff to return the jury to the courtroom for limiting instructions and was told that the jury had reached a decision. The jury returned to the courtroom, and the trial court told them, "The law says alcohol or drugs, and/or drugs; however, the accusation limits itself to alcohol, so you are only to consider whether or not he was under the influence of alcohol." The jury again retired and returned the guilty verdicts.

It is reversible error to instruct the jury that an offense may be committed in more than one manner when only one manner is alleged in the accusation if no remedial instructions are given to limit the jury's consideration to the manner alleged. See *Owens v. State*, 173 Ga. App. 309 (4) (326 SE2d 509) (1985). While the trial court's initial response to the jury's query was erroneous, the trial court recalled the jury and gave them an appropriate limiting instruction before they returned a verdict. See *Lumpkin v. State*, 249 Ga. 834 (2) (295 SE2d 86) (1982). Therefore, no reversible error resulted. Inasmuch as the questioned instructions were given to the jury before the trial court had been apprised of and had received the verdict, the trial had not ended. *Maltbie v. State*, 139 Ga. App. 342, 345 (228 SE2d 368) (1976). See also *Savage v. State*, 165 Ga. App. 121 (2) (299 SE2d 177) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 19, 1985 —
REHEARING DENIED OCTOBER 11, 1985.

*Robert T. Romeo*, for appellant.
*John C. Carbo III, Solicitor*, for appellee.