## 73733. EVANS v. HARVEY.
### (358 SE2d 668)

CARLEY, Judge.

Appellant-plaintiff was a passenger in an automobile which struck a cow that had wandered onto the roadway. The cow belonged to appellee-defendant and had somehow escaped from its fenced-in enclosure. Appellant brought suit to recover for injuries he sustained in the collision. The jury returned a verdict in favor of appellee. Appellant appeals from the judgment entered on the jury's verdict and from the denial of his motion for a new trial.

1. Appellant enumerates as error the trial court's charge on the theory of accident. The contention is that the charge was erroneous for two reasons. First, appellant urges that accident was not raised by the evidence, and therefore, no charge on the theory was authorized. Second, he asserts that the charge that was given was an erroneous statement of the theory of accident.

Prior to consideration of the merits of this enumeration, a procedural issue must be addressed. After instructing the jury in the case sub judice, the trial court informed counsel that it would "allow [them] to reserve [their] exceptions until after the transcript [had] been prepared, or [they could] state them [then], whichever [they] prefer[red]." Appellant's counsel responded that he "would elect . . . just to call to [the court's] attention that [charge] on an accident [and] would like to reserve the right to make any further more detailed exceptions until the transcript comes out." Notwithstanding the trial court's statement to counsel regarding the time for raising objections to its charge, the applicable statute provides: "Except as otherwise provided in this Code section, *in all civil cases, no party*

*may complain* of the giving or the failure to give an instruction to the jury *unless he objects thereto before the jury returns its verdict,* stating distinctly the matter to which he objects and the grounds of his objection." (Emphasis supplied.) OCGA § 5-5-24 (a). We know of no authority for a trial court to waive the provisions of this statute and thereby allow counsel in a civil case the opportunity to raise objections to its charge at a later time. Compare *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Were it not for the trial court's statement in this case, the only "objection" raised by appellant's counsel before the jury returned its verdict would not suffice to preserve the right to enumerate on appeal any error in the charge on accident. The "objection" states in support thereof no grounds whatsoever. See *Moore v. Carrington,* 155 Ga. App. 12, 13 (3) (270 SE2d 222) (1980). However, assuming without deciding that the trial court would have the authority to waive OCGA § 5-5-24 (a) or, if not, recognizing that counsel was misled in this case, we will address the merits of whatever grounds of objection to the charge on accident appellant may have raised in his motion for new trial. Appellant's motion for new trial raised only the ground that no charge on the defense of accident was authorized under the evidence. Accordingly, we will only consider the merits of that ground and will not address the assertion that the charge as given was an erroneous statement of the principle of accident, which assertion is made for the first time on appeal.

"[T]here was evidence here . . . that the loss of control over the [cow] and the failure to have the animal properly penned at the time of the collision were for reasons other than appellee's failure to exercise ordinary reasonable care in this regard. [Cits.] There was also evidence that [the collision in which appellant was injured] was not the result of a failure to exercise due diligence for his own safety. [Cit.] Thus there was evidence which would authorize a finding that the collision and resulting injuries occurred even though neither appellant nor appellee was negligent with regard thereto. [Cit.] Since the evidence supported a finding that the collision was, 'an unintended occurrence which could not have been prevented by the exercise of reasonable care' the trial judge did not err in charging on accident." *Pirkle v. Triplett,* 155 Ga. App. 945, 946-47 (3) (274 SE2d 59) (1980). There was no error in giving a charge on the defense of accident in this case.

2. Appellant enumerates as error the trial court's refusal to admit into evidence some 18 of 20 photographs which were proffered. The photographs had been made some seventeen months after the collision, and it was established that the scenes that were depicted in the 18 that were excluded had undergone substantial and material changes in the interim.

It is within the trial court's discretion to determine whether or

not a particular photograph constitutes a fair and accurate represen-
tation of the scene sought to be depicted and, unless manifestly
abused, the exercise of that discretion will not be controlled on ap-
peal. *Williams v. State*, 255 Ga. 97, 101 (335 SE2d 553) (1985). That
the scene may have changed as to some immaterial matters before the
photographs were taken will not render them objectionable and the
trial court, in the exercise of its discretion, is authorized to admit
them into evidence. See *Bradshaw v. State*, 172 Ga. App. 330 (1) (323
SE2d 253) (1984). Here, however, it was shown that the scene had
undergone substantial and material changes prior to the taking of 18
of the photographs. Under these circumstances, the exclusion of those
photographs was not an abuse of the trial court's discretion. *City
Council of Augusta v. Lee*, 153 Ga. App. 94, 99 (4) (264 SE2d 683)
(1980). The two photographs which were shown to depict scenes as
they appeared at the relevant time notwithstanding the lapse of time
were admitted. There was no error.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 15, 1987.

*Richard Phillips*, for appellant.
*J. Franklin Edenfield, Glen A. Cheney*, for appellee.