## 75097. POWELL v. THE STATE.
(364 SE2d 599)

BENHAM, Judge.

This appeal is from appellant's conviction of three counts of armed robbery and one count of aggravated assault. We affirm.

1. In appellant's first enumeration of error, he contends that the evidence was not sufficient to warrant his convictions. To address that contention, we must examine the evidence produced at trial by the State.

The cashier and retail supervisor of a service station/convenience store testified that appellant was the man who robbed the store at gunpoint. The supervisor also testified that he recognized appellant's voice as that of the person who phoned the store shortly after the robbery, claimed to be the robber, and taunted the supervisor. A police officer testified that the phone call occurred while he was there investigating the robbery and that the voice on the phone was appellant's. A customer testified that she came into the store to pay for gasoline and saw that it was being robbed. She swore that the robber turned to leave, saw the $10 bill in her hand, pointed his pistol at her and took her money. That testimony was corroborated by the cashier of the store. The robbed customer testified that she could not identify appellant's face as that of the robber because she never saw the robber's face, but stated that appellant was of the same build as the robber. A friend of the robbed customer testified that she saw a man come out of the store, heard her friend say they had been robbed, then followed the man until her friend also told her that he had a gun. She saw him get into a car she identified as being painted a flat gray color and looking like a Toyota. A police officer testified that he heard a radio report with a description of the car, then saw it, and followed it to an apartment complex. There, he testified, the car stopped and a man came back toward him with a pistol. The man shot in the direction of the police car, which stalled as the officer tried to leave. The police officer then played dead because he could not get his seat belt undone in order to draw his pistol. The officer swore that as he lay in his car, the man who shot at him came up to the car, stuck the gun in through the open window, told the officer not to move, then stole his revolver and left. Four eyewitnesses identified appellant's car as the car driven by the gunman who shot at and robbed the police officer. One of them also identified appellant in a lineup. Although appellant introduced evidence of an alibi, the evidence produced by the State was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Proffitt v. State*, 181 Ga. App. 564 (1) (353 SE2d 61) (1987); *Walker v. State*, 178 Ga. App. 876 (345 SE2d 98) (1986);

*Lowry v. State*, 171 Ga. App. 118 (1) (318 SE2d 744) (1984). Appellant's argument that his conviction is contrary to the evidence was addressed to the trial court, as it had to be (*Witt v. State*, 157 Ga. App. 564 (2) (278 SE2d 145) (1981)), and we find, in the denial of appellant's motion for new trial, no abuse of the discretion vested in the trial court by OCGA § 5-5-20.

2. "Appellant enumerates as error the trial court's denial of a motion for mistrial. A motion for mistrial is not subject to review where, as here, the motion is not renewed following curative instructions. [Cit.]" *Glass v. State*, 181 Ga. App. 448 (2) (352 SE2d 642) (1987).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 4, 1988.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney*, for appellee.