76993. CRAWFORD v. THE STATE.
(374 SE2d 781)

SOGNIER, Judge.

James Daniel Crawford was convicted in a bifurcated trial of burglary and possession of a firearm by a convicted felon, and he appeals.

1. Appellant enumerates as error the trial court's denial of his motions for mistrial made after the district attorney on two occasions asked questions which suggested that appellant may not have disclosed to police his contention that he and the burglary victim staged the crime to defraud her insurance company. Appellant contends

these questions constituted impermissible comments on his right to remain silent. The record reveals that the trial court denied defense counsel's motions for mistrial made after each question was asked, but did sustain counsel's objections, gave the jury extensive curative instructions, and also asked the jurors whether they could disregard the matter, receiving affirmative responses from them.

After curative instructions were given, counsel interposed no further objections or motions. Thus, appellant's enumeration presents nothing for this court to review. *Powell v. State*, 185 Ga. App. 464, 465 (2) (364 SE2d 599) (1988). Further, given the substantial evidence of guilt and the scope of the curative instructions given by the trial court, the challenged questions are unlikely to have contributed to the jury's conclusions. See *Yeargin v. State*, 164 Ga. App. 835, 840 (12) (298 SE2d 606) (1982).

2. In his remaining enumeration of error, appellant contends the trial court's charge to the jury regarding the elements of the offense of burglary was erroneous because the charge authorized the jury to find him guilty based on a manner not alleged in the indictment. The trial court instructed the jury that "a person commits the offense of burglary when without authority and with the intent to commit a felony or theft therein, he enters the dwelling house of another. I further charge you that if you should find beyond a reasonable doubt that the crime of burglary has been committed as charged in this Indictment and that certain personal property was stolen as a result of such crime, . . . you, the jury, may infer guilt as to the charge of burglary as set forth in the Indictment . . . ."

"It is reversible error to instruct the jury that an offense may be committed in more than one manner when only one manner is alleged in the accusation if no remedial instructions are given to limit the jury's consideration to the manner alleged. [Cit.]" *Mathews v. State*, 176 Ga. App. 394, 395 (336 SE2d 259) (1985). In the instant case, the trial court did begin the charge by reciting the full statutory definition of burglary, see OCGA § 16-7-1 (a), although appellant was charged only with entry into a home with intent to commit a theft. However, the trial judge then limited the jury's consideration to the method set forth in the indictment, which was sent to the jury room when the jury retired to deliberate, and specifically referred to "certain personal property [that] was stolen." "This remedial charge effectively cured any possible prejudice to the appellant arising from the earlier, more general charge. We therefore find no error." *Lumpkin v. State*, 249 Ga. 834, 836 (295 SE2d 86) (1982). See also *Slack v. State*, 159 Ga. App. 185 (2) (283 SE2d 64) (1981).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 7, 1988 —
REHEARING DENIED OCTOBER 18, 1988.

*W. Keith Davidson*, for appellant.
*Thomas C. Lawler III, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.