## 77018. WALDON v. THE STATE.
(375 SE2d 128)

Pope, Judge.

Curtis A. Waldon appeals his conviction of armed robbery and the denial of his motion for new trial. *Held*:

1. Appellant urges the general grounds. The evidence showed that on September 4, 1987, Leonard Haas was robbed of $2 at gunpoint as he returned to work from lunch. Haas immediately notified the police and informed them that he had been robbed by a man wearing a blue zippered jogging jacket and black slacks. This description was broadcast, and some fifteen minutes later appellant was apprehended and returned to the scene. He was carrying the described jacket under his arm and wearing a baseball cap. A .32 caliber revolver was recovered from the crime scene, which Haas identified as the weapon used by the robber. After appellant removed his cap Haas identified him as the perpetrator. Two one dollar bills and two .32 caliber bullets were found on appellant's person. While appellant was being interviewed at the police station, a detective commented that appellant was lucky he had not been hurt by the pistol, which he described as "falling apart in [his] hands." Appellant responded that he "meant to get a better one." The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); accord *Powell v. State*, 185 Ga. App. 464 (1) (364 SE2d 599) (1988).

2. Appellant complains that the trial court violated his constitutional right against self-incrimination by impermissibly informing the jury that although he did not testify, he was available to do so. We do not agree. This question was posed by an interrogatory sent to the trial court by the jury during deliberations. The court conferred with both counsel and, agreeing that there must not be an impermissible comment on appellant's silence, they jointly decided that the appropriate answer was a simple "yes." Even if it might have been preferable for the trial judge to advise the jurors that the answer to their question was not in evidence (as it did in regard to two other questions), having acquiesced in the response as given appellant cannot now object to it on appeal. See *Williams v. State*, 183 Ga. App. 373 (1) (358 SE2d 914) (1987); *Riley v. State*, 180 Ga. App. 409 (1) (349 SE2d 274) (1986).

3. Appellant's final enumeration of error, that the handgun was improperly allowed in evidence because the State did not prove the chain of custody by placing it at the location where he was arrested, is without merit. The pistol was found at the scene by a witness who turned it over to police immediately after appellant was apprehended, and it was identified by this witness at trial as the one he found. Ap-

pellant also tacitly identified the weapon as his by admitting he meant to get a better one. The rule is that "items of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation, . . . are admissible in evidence without the necessity for showing a chain of custody. [Cits.]" *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983). Accord *Hanvey v. State*, 186 Ga. App. 690 (6) (368 SE2d 357) (1988). We find no grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1988.

*Chandelle Turner*, for appellant.

*Lewis R. Slaton, District Attorney, R. Andrew Weathers, Joseph J. Drolet, John G. Isom, Assistant District Attorneys*, for appellee.