A89A1721. DAY v. THE STATE.
(387 SE2d 409)

SOGNIER, Judge.

George Wendell Day was convicted of child molestation and solicitation of sodomy and he appeals.

1. Appellant contends the trial court erred by charging the jury that they "should convict" appellant and that it was their "duty to convict" him. The record reveals that the trial court instructed the jury extensively on what constitutes a reasonable doubt and the State's burden of proof, then charged the jury that "[i]f after giving consideration to all of the facts and circumstances of the case your minds are then wavering, unsettled and unsatisfied, then that is the doubt of the law and you should acquit. But if that [reasonable] doubt does not exist in your minds as to the guilt of [appellant], then you should convict." Subsequently, after extensive charges regarding the types of evidence presented to the jury (e.g., expert testimony and alibi evidence), the trial court charged the jury that "if in [considering the evidence as to the elements of the crimes charged] you should entertain a reasonable doubt as to the guilt of [appellant], it would be your duty to acquit [appellant]. On the other hand, if the jury believes from the entire evidence that [appellant] is guilty beyond a reasonable doubt, it would be your duty to convict."

" '[Appellant's] contention is without merit. If a unanimous jury, after having considered all of the evidence in the case, believes beyond a reasonable doubt that [appellant is] guilty of having committed the crimes charged, then the members of the jury do, pursuant to the law and the oaths taken as jurors, have a "duty" to return [a verdict] of guilty. The use of the words "duty to convict" in the context of the charge quoted above is not unfair, oppressive, or detrimental in any way to the accused.' [Cit.]" Jackson v. State, 165 Ga. App. 444, 445 (2) (301 SE2d 661) (1983). We find the holding in Jackson applicable as well to the "should convict" language appellant contends constituted reversible error. See Burrell v. State, 171 Ga. App. 648, 652 (11) (320 SE2d 810) (1984).

2. A pre-trial statement made by appellant was admitted at trial and appellant also gave sworn testimony as a witness. The trial court

gave extensive instructions to the jury regarding appellant's pre-trial statement and also charged the jury that "[y]ou should consider with great care and caution the evidence of any statement made by [appellant]." "The error proceeds, according to appellant, from the confusion between [the] pre-trial statement offered against him and his sworn statement as a witness. Considering the charge of the court as a whole, we will not place such an inability to discern the two portions of the court's charge relating to the out-of-court statement and the in-court testimony. We find this portion of the charge to be sufficiently clear and without error. [Cit.]" *Roland v. State*, 161 Ga. App. 197, 199 (6) (291 SE2d 41) (1982).

3. Our review of the charge given the jury reveals that taken as a whole, the trial court properly instructed the jury as to the State's burden of proof. See generally *Johnson v. State*, 187 Ga. App. 803, 804 (3) (371 SE2d 419) (1988). We find no merit in appellant's argument that his conviction must be reversed because the indictment charged the specific manner in which he committed child molestation and the trial court "broadened" the indictment by charging that language in OCGA § 16-6-4 whereby a person commits the offense of child molestation when he does "any" immoral or indecent act to, with, or in the presence of "any" child. OCGA § 16-6-4 does not set forth alternate methods of committing child molestation, compare, e.g., OCGA § 16-5-23 (1) (*Lyman v. State*, 188 Ga. App. 790, 791-792 (2) (374 SE2d 563) (1988)); OCGA § 16-7-1 (a) (*Crawford v. State*, 188 Ga. App. 841, 842 (2) (374 SE2d 781) (1988)), but even assuming it comes within that type of statute, the trial court sent the indictment out with the jury so they could read the specific charges themselves, see *Slack v. State*, 159 Ga. App. 185, 188 (283 SE2d 64) (1981), and thus we find no reversible error here.

4. We have reviewed the entire trial transcript and find that the evidence adduced at trial was sufficient to authorize appellant's convictions of child molestation and solicitation of sodomy under the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989.

*Ronnie K. Batchelor*, for appellant.
*Thomas C. Lawler III, District Attorney, Donald L. Johstono, Assistant District Attorney*, for appellee.