A91A0814. McCLAIN v. THE STATE.
(410 SE2d 325)

POPE, Judge.

Defendant Willie Moses McClain was convicted of aggravated assault and aggravated battery upon his wife and appeals.

1. After deliberations, the jury returned to the courtroom and the foreman announced: "We, the members of the jury, have come to the conclusion, based on not having enough evidence that this case should be handled by another jury." The trial judge stated he did not know what the jury meant and asked if the jury could not reach a verdict. The foreman stated, "Each time [we voted] it was a split decision." The judge instructed the jury to deliberate further. The jury ultimately returned a guilty verdict on both counts charged.

Defendant argues the initial announcement of the foreman amounted to a verdict of not guilty for lack of evidence and that the trial court erred in requiring further deliberation. We conclude the original announcement did not amount to an acquittal but an indication that a unanimous verdict had not been reached. When the verdict returned by the jury gives neither a verdict of guilty nor a verdict of not guilty of the offense charged, then it is a nullity and the trial court should refuse to receive it. *Cross v. State*, 124 Ga. App. 152 (2) (183 SE2d 93) (1971). No error is committed when a trial court refuses to accept a verdict which does not properly find the defendant either guilty or not guilty and "[requires] the jury to return to the

jury room to reach and record a verdict correct in form and substance. [Cits.]" *Bearden v. State*, 159 Ga. App. 892, 895 (7) (285 SE2d 606) (1981). See also *Savage v. State*, 165 Ga. App. 121 (2) (299 SE2d 177) (1983); *Alexander v. State*, 150 Ga. App. 41 (2) (256 SE2d 649) (1979).

2. In the course of instructing the jury on the element of criminal intent, the trial judge stated: "In other words, if you came home one night and had lost your key and forced your way into your house, after you got inside lo and behold you found you were in somebody else's house, you wouldn't be guilty of a crime, might be hard to prove it, but you wouldn't be guilty of a crime because you had no intention of breaking in someone else's house . . . ." Defendant argues this instruction was error as a matter of law because it implies a defendant has the burden of proving lack of intent to commit a crime. " 'It is well settled by case law that the charge of the court must be taken in its entirety when considering its impact upon the jurors.' *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166) (1974). When the charge in the present case is taken as a whole, the jury was clearly informed of the correct applicable law as to [criminal intent and burden of proof]. *Anderson v. State*, 150 Ga. App. 318 (1) (257 SE2d 385) [(1979)]." (Punctuation omitted.) *Cordova v. State*, 191 Ga. App. 297, 298 (3) (381 SE2d 436) (1989).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 13, 1991 — ▮

*Lori Silverman, Kenneth Kondritzer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.