## S94A1308. GLISSON v. GLISSON.
### (454 SE2d 508)

BENHAM, Presiding Justice.

Appellee and appellant are father and son. Appellee filed suit to cancel a warranty deed conveying his farm to appellant. Appellant contends that the deed was part of a transaction in which appellee sold him the farm, executing a warranty deed and taking back a security deed which appellee has since marked satisfied. Appellee contends that the transaction was intended to be a lease arrangement, but that the document appellant fraudulently represented to be a lease was actually a warranty deed. A jury trial resulted in a verdict for appellee.

1. Relying on recordation of the deed as constructive notice of the execution of the deed, appellant contends that his father's claim is barred by the seven-year period of limitation. See *Hansford v. Robinson,* 255 Ga. 530 (1) (340 SE2d 614) (1986). However, since his father contends that the deed was procured by fraud, the recordation of the deed is not such notice as would start the limitation period running as a matter of law. *Jones v. Spindel,* 239 Ga. 68, 70 (2) (235 SE2d 486) (1977). There were questions of fact concerning whether there was fraud and whether that fraud, if it occurred, tolled the statute of limitation (id.), so there was no error in the trial court's denial of appellant's motions based on his claim that the suit was barred by the statute of limitation.

2. The denial of appellant's motion for directed verdict was not error: although appellee's testimony with regard to his execution of the deed and the circumstances thereof was equivocal and occasionally self-contradictory, the credibility of the parties was for the jury (*J. C. Penney Cas. Ins. Co. v. Williams,* 149 Ga. App. 258 (253 SE2d 878) (1979)), and if appellee's testimony supporting his claim of fraud were given credit, the evidence would not demand a verdict for appellant. Likewise, there being some evidence to support them, the trial court did not err in giving the jury instructions on fraud and the related issues of confidential relations, misrepresentation, excuses for failure to read, and constructive fraud. *Western Fire Ins. Co. v. Peeples,* 98 Ga. App. 365 (106 SE2d 91) (1958).

3. The trial court also charged the jury on the principle of rescission and on the issue of whether the deed existed. Appellant objects to those charges on appeal as being unsupported by the evidence. (We note in passing that this case is unusual in that the trial court expressly permitted counsel to reserve objections rather than requiring, as the law in civil cases requires, that they be made before the jury reached a verdict. *Evans v. Harvey*, 183 Ga. App. 284 (1) (358 SE2d 668) (1987).) There was no evidence that appellee had taken any steps toward the tender which would necessarily precede a rescission. See, e.g., *Manning v. Wills*, 193 Ga. 82 (3) (17 SE2d 261) (1941). Further, there was no question that the deed existed, only whether appellee signed it and whether, if he signed it, he was induced to do so by fraud. That being so, the charges complained of by appellant were not authorized by the evidence and giving them to the jury was error. *Healan v. Powell*, 91 Ga. App. 787 (87 SE2d 332) (1955). Given the potential those charges had for confusing the jury, we cannot say the error was harmless.

4. The trial court gave the jury a special verdict form in which the only question was whether appellee executed the deed. In light of appellee's contention that he did not sign the deed, and that if he did, he was induced to do so by fraud, that verdict form and the accompanying instructions, which called for the jury to decide mixed questions of fact and law, were not adequately crafted to elicit a decision on the issues before the court. See *Branch v. Maxwell*, 203 Ga. App. 553 (5) (f) (417 SE2d 176) (1992); OCGA § 9-11-49 (a).

*Judgment reversed. All the Justices concur, except Hunt, C. J., and Carley, J., who concur in the judgment only.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Callaway, Neville & Brinson, William E. Callaway, Jr., William J. Neville, Jr.*, for appellant.
*Lloyd D. Murray*, for appellee.