## S95A0211. LUCAS v. THE STATE.
(458 SE2d 103)

SEARS, Justice.

The appellant, Michael Lucas, was convicted of the felony murder and aggravated assault of his brother-in-law Willie Holyfield and of the aggravated assault of his nephews Larry Maddox and Dante McDaniel.[1] The trial court merged the conviction for the aggravated

---

[1] The crime was committed on March 18, 1992, and Lucas was indicted on May 26, 1992. A jury convicted Lucas on July 12, 1993, and the court sentenced him on August 5, 1993. Lucas filed a motion for new trial on August 10, 1993. The court reporter certified the transcript on November 8, 1993. Lucas amended his motion for new trial on May 16, 1994, and

assault of Holyfield into the felony murder conviction, and sentenced Lucas for felony murder and two counts of aggravated assault. Lucas appeals, contending, among other things, that the trial court erred by giving and by failing to give certain jury charges. We conclude, however, that Lucas is procedurally barred from raising all but one of these objections and that the objection that is not barred lacks merit. Therefore, we affirm his convictions.

1. The evidence would have authorized a rational trier of fact to find that on the night of the shooting, Lucas called the home of his two nephews (who lived with Lucas's sister and Holyfield) because he thought one of them had stolen part of his income tax refund; that he told one of them that if he did not get his "shit" back, "somebody [was] going to be dodging bullets"; that after speaking with his nephew, he loaded one shell into a shotgun and took it with him to his nephews' house; that he pointed the shotgun at one nephew in the living room and demanded the return of his money; that he then walked to the bedroom of the other nephew, saying that he was going to put a "cap in somebody's ass"; that he then waved the gun at the nephew in the bedroom and demanded his money; that Holyfield then walked toward the bedroom and asked what was going on; that Lucas turned toward Holyfield, and stated "Mother fucker, you'll get some of this, too"; and that Lucas then shot and killed Holyfield. Although Lucas testified at trial that the shooting was accidental, we conclude the evidence is sufficient to support the convictions.[2] Moreover, contrary to Lucas's argument, the merger doctrine does not preclude Lucas's conviction for felony murder.[3]

2. In nine enumerations of error, Lucas contends that the trial court erred in giving and in failing to give various jury charges. We rule, however, that Lucas is procedurally barred from raising all but one of these enumerations.

Following the jury charge, the trial court asked for exceptions to the charge. Defense counsel complained that the trial court failed to instruct the jury that if the shooting was accidental, the verdict should be not guilty. Defense counsel then said, "I'll cite the law on *that* if we have to in the motion for new trial or the appeal process if that's necessary, and I'd like to reserve the right to do *that*." (Emphasis supplied.) The trial court noted the objection, and defense counsel made no further objection or reservation to the charge.

In denying Lucas's motion for new trial, the trial court ruled that

---

again on May 26, 1994. The court denied the motion for new trial, as amended, on August 8, 1994. Lucas filed a notice of appeal on September 2, 1994, and the appeal was docketed in this Court on October 26, 1994, and argued on March 14, 1995.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Battles v. State*, 262 Ga. 415, 417 (3) (420 SE2d 303) (1992).

defense counsel had generally reserved the right to raise objections to the charge. We conclude, however, that defense counsel's use of the word "that" on two occasions demonstrates that defense counsel reserved only the right to object to the trial court's failure to include a charge on accident in the final summation. As, following defense counsel's objection, defense counsel did not further state that he reserved his right to raise other objections at a later time, and the trial court did not state that the objection that defense counsel made amounted to a general reservation,[4] we find that defense counsel did fail to reserve the general right to object to the charges. Lucas is thus procedurally barred from raising all his current objections to the jury charge except the one regarding the alleged lack of adequate instruction on accident.[5]

As for accident, Lucas contends that by failing to include a verdict option of not guilty based upon a finding of accident when summarizing the verdict options available to the jury, the trial court effectively removed that option from the jury's consideration. We disagree. Earlier in its charge, the trial court accurately instructed the jury on accident, informing the jury that it could not find anyone guilty of a crime based on conduct that was accidental and that if it found the death in this case resulted from an accident, it had to acquit Lucas. In its summation, although the trial court did not mention accident, it instructed the jury that if it found Lucas was not guilty, then it had to acquit him. Contrary to Lucas's contention, these instructions adequately presented Lucas's claim of accident to the jury.[6]

3. Lucas contends on appeal that his trial counsel provided ineffective assistance by failing to request that the trial court charge the jury that it could consider the misdemeanor of reckless conduct as the unlawful act for purposes of involuntary manslaughter under OCGA § 16-5-3 (a).[7] Also, on motion for new trial, Lucas contended that his trial counsel was ineffective for failing to make a general reservation of the right to object to the charge. Since the trial court ruled that defense counsel *did* generally reserve the right to object, that court did not rule on the second ineffectiveness claim. In the interest of judicial economy, however, we will now consider both claims.

The relevant questions are whether trial counsel's performance

---

[4] Such a statement by the trial court probably would have induced defense counsel to forego making his own general reservation to the charge. In such a case, we would be precluded from finding a waiver. See generally *Glisson v. Glisson*, 265 Ga. 239, 240 (454 SE2d 508) (1995); *Evans v. Harvey*, 183 Ga. App. 284 (1) (358 SE2d 668) (1987).

[5] See *Russell v. State*, 264 Ga. 121 (3) (441 SE2d 750) (1994); *McCoy v. State*, 262 Ga. 699, 701 (425 SE2d 646) (1993).

[6] See generally *Scott v. State*, 210 Ga. 137, 138 (3) (78 SE2d 35) (1953).

[7] Lucas obtained new counsel for his motion for new trial, and appellate counsel raised the issue of trial counsel's ineffectiveness.

was deficient, and, if so, whether Lucas can show that if correct charges had been given, there is a reasonable probability that the outcome of the trial would have been different.[8] Our review of the record shows that the trial court did not err in giving or failing to give certain of the charges in question. Moreover, even assuming the court erred in giving or omitting other charges, we conclude that, given the testimony of Lucas's nephews and of Kelly Fite (who testified that because of a defective hammer, it was improbable that Lucas's shotgun could have discharged accidentally under the circumstances of this case), there is no reasonable probability that if the charges had or had not been given the outcome of the trial would have been different. Lucas's ineffectiveness claim therefore does not entitle him to relief.

*Judgment affirmed. All the Justices concur, except Thompson, J., who dissents.*

THOMPSON, Justice, dissenting.

In the absence of a proper objection, we will review an erroneous instruction "where there has been a substantial error in the charge which was harmful as a matter of law. . . ." OCGA § 5-5-24 (c). Under the circumstances of this case, I am compelled to conclude that a portion of the charge was so highly prejudicial as to deprive defendant of a fair trial.

Lucas testified in his own defense that he went to the home of his sister in an effort to get his nephews to return some money which he believed they had taken. He brought with him a shotgun which belonged to another family member and which he had never before used. He denied an intent to assault or to shoot anyone, but believed the gun would show that he "meant business" and that he would get his money back. The house was dark except for a light in the kitchen. He approached Dante's bedroom and demanded the return of his money. Defendant then heard a voice from behind him in the darkened hallway. He testified that as he attempted to turn around, the gun slipped from his hand, and accidentally discharged. Lucas offered the testimony of a ballistics expert which was consistent with this version of the events.

The trial court instructed the jury that "you should consider with great care and caution the evidence of any statement made by the defendant." The foregoing instruction is included in a pattern jury charge relating to the law of confessions, based upon OCGA § 24-3-53.[9] The only "statement" of the defendant offered into evidence was

[8] See *Peavy v. State*, 262 Ga. 782, 783 (425 SE2d 654) (1993); *Wadley v. State*, 258 Ga. 465, 466-467 (369 SE2d 734) (1988).

[9] See 2 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instruc-

his trial testimony; and in that context, the instruction was obviously erroneous.[10]

Prior to charging the jury concerning the defendant's statement, the court gave a general charge on credibility of witnesses, concluding with the jury's obligation to reconcile conflicts in testimony by crediting the testimony of those witnesses "best entitled to belief." By subsequently admonishing the jury to consider the defendant's testimony with "great care and caution," the court placed the defendant's testimony in a category requiring greater scrutiny. Thus, the charge prejudiced the accused by cautioning the jury that his testimony is entitled to less weight than that of other witnesses. Where the verdict hinged on the credibility of witnesses, I find that the erroneous charge was harmful as a matter of law, thus mandating reversal of the convictions.

DECIDED JUNE 12, 1995 —
RECONSIDERATION DENIED JUNE 30, 1995.

*Ronald J. Scholar,* for appellant.
*Lewis R. Slaton, District Attorney, Herman L. Sloan, Rebecca A. Keel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

[10] Compare *Day v. State,* 193 Ga. App. 179 (2) (387 SE2d 409) (1989) (the charge was not error where the evidence consisted both of defendant's extrajudicial statement *and* his in-court testimony, since the jury would have understood to apply the instruction to the proper evidence).