**Charles Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60501.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 20, 1981.

Benjamin Durant, Houston, for appellant.

Alfred Walker, Asst. State's Atty., and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while under the influence of drugs. Punishment was assessed at confinement for thirty days.

At the outset we notice fundamental error in the court's charge to the jury which we will review in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. The information alleged that appellant:

"on or about December 30, 1977, did then and there unlawfully drive and operate a motor vehicle upon a public highway while under the influence of a drug to a degree which rendered him incapable of safely driving the vehicle. . . ."

The statute[1] effective at the time of the commission of the offense provided in pertinent part:

"It is unlawful and punishable . . . for any person who is an habitual user of or under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle within this State."

Tex.Laws 1971, ch. 83, section 50 at 730.

From a reading of the statute it is apparent that this statute prohibited *the driving of a motor vehicle within the State* when:

(1) the operator is a habitual user of any narcotic drug; or

(2) the operator is under the influence of any narcotic drug; or

(3) the operator is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle.

See *Grant v. State*, 505 S.W.2d 279, 281–82 (Tex.Cr.App.) (construing the statute prior to the 1971 amendment which added, inter alia, the phrase "who is an habitual user;" see Tex.Laws 1947, ch. 421, section 50 at 974).

Appellant was charged with the offense, under this statute, of *operating a vehicle on the highway* while under the influence of a drug to a degree which rendered him incapable of safely driving that vehicle; that is, method number three outlined above.

The jury charge, however, authorized a conviction as follows:

"Therefore, if you believe . . . that the defendant, on or about the 30th day of December A.D., 1977, . . . did unlawfully, while under the influence of any narcotic drug or under the influence of any drug to a degree which rendered him incapable of safely driving a vehicle within this state, then you will find the defendant guilty."

This charge, then, authorized a conviction without requiring the jury to find that appellant committed an element of the offense as alleged in the indictment; that is, that he drove a vehicle upon a public highway within the State. Failure to include in the jury charge all essential elements of the offense as alleged in the indictment constitutes fundamental error. *Thompson v. State*, 574 S.W.2d 103, 104 (Tex.Cr.App.); see also *Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Cr.App.).

The judgment is reversed and the cause remanded.

---

1. Art. 6701d, Sec. 50, V.A.C.S. This article was again amended in 1979.