**Alfred Gomez GUERRA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00084–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 24, 1982.

Discretionary Review Refused March 9, 1983.

Lawrence A. Beauchamp, San Antonio, for appellant.

Bill M. White, Dist. Atty., Steven Zauft, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CLARK, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated rape of a child. After finding

appellant guilty, the jury found that the enhancement paragraphs of the indictment were true, and the trial court accordingly assessed punishment at life imprisonment.

Appellant contends that the indictment was fundamentally defective; that the trial court erroneously refused to grant him a new trial; that his right to cross-examine the victim of the offense was unduly limited, and that the trial court failed to distinctly set forth the law applicable to the case in its charge to the jury. We agree that the trial court committed reversible error in failing to distinctly set forth the law applicable to the case in its charge to the jury and we reverse the judgment of the trial court.

■ There being no challenge to the sufficiency of the evidence, it will not be summarized. Appellant first argues that the indictment was fundamentally defective because it failed to allege all of the elements of the offense for which he stands convicted. The indictment alleges that in Bexar County, Texas, on or about October 1, 1977, appellant

> ... did then and there intentionally and knowingly have sexual intercourse with [complainant], and at the time of said sexual intercourse the complainant was a female younger than seventeen (17) years of age and was not the wife of the defendant; and the said defendant compelled submission to said sexual intercourse by threat of death and serious bodily injury. . . .

As appellant correctly states in his brief, the relevant statutes provide, "A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years," Tex.Penal Code Ann. § 21.09(a) (Vernon Supp.1982), and "A person commits an offense if he commits ... rape of a child as defined in Section 21.09 of this code and he ... compels submission to the rape by threat of death, serious bodily injury, or kidnapping *to be imminently inflicted on anyone.*" Tex.Pe-

nal Code Ann. § 21.03(a)(2) (Vernon 1974) (emphasis added).[1] It is clear that the indictment neglected to allege that the threat of death and serious bodily injury, by means of which appellant allegedly compelled submission, was to be imminently inflicted on anyone. His timely motion to quash the indictment on this basis was denied.

We agree that the indictment failed to allege aggravated rape of a child. In *Blount v. State,* 542 S.W.2d 164 (Tex.Cr. App.1976), relied on by appellant, it was held that the imminence of the threat is crucial to proving the aggravation element of the offense. Thus, a threat to the victim that, if she told anyone about having been raped, her assailants would return and kill her, was held insufficient to prove aggravation. *See also McDaniel v. State,* 642 S.W.2d 785 (Tex.Cr.App.1982).

■ The State's reliance on *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978) is misplaced. In that case, it was held that evidence of repeated blows to the minor victim's face sufficed to prove that her submission to the intercourse was compelled by threat of the imminent infliction of serious bodily injury or death. The indictment, however, did not lack the necessary allegation to that effect. Furthermore, this precise holding in *Seaton* was expressly overruled in *Rucker v. State,* 599 S.W.2d 581, 586 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing).

Having so held, however, our inquiry is not completed. Appellant's position is that because of this flaw in the indictment, he cannot have been convicted lawfully of aggravated rape of a child. He ignores the fact that, while insufficient to invoke the trial court's jurisdiction over him for the offense of aggravated rape of a child, the indictment was quite adequate to allege rape of a child, a felony of the second degree. Tex.Penal Code Ann. § 21.09(a)

---

1. Although these statutes do not facially require allegation and proof of a culpable mental state, one is nevertheless required. Tex.Penal Code Ann. § 6.02(b) and (c) (Vernon 1974); *Ex parte Perez,* 612 S.W.2d 612 (Tex.Cr.App.1981).

and (d) (Vernon Supp.1982). Thus, the indictment is not fundamentally defective, for it indeed invoked the jurisdiction of the district court over the lesser felony offense of rape of a child. Only when an indictment fails to state an offense lying within the subject-matter jurisdiction of the trial court will it be found to be fundamentally defective. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 602–603 (Tex. Cr.App.1974); *Ex parte Millard,* 587 S.W.2d 703, 706 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing).

But we nevertheless must reverse the judgment, for the court's charge to the jury authorized the jury to convict appellant of the offense of aggravated rape of a child, and a verdict of conviction of that offense was returned and judgment accordingly entered. In its charge, the trial court set out all of the correct statutory elements of the offense, including the element that submission was compelled "by threat of death or serious bodily injury to be imminently inflicted on anyone." [2] *See* Tex.Penal Code Ann. § 21.03(a)(2) (Vernon 1974). When the jury is authorized by the court's charge to convict the defendant of an offense on a theory completely different from that alleged in the indictment, this constitutes fundamental error. *Scott v. State,* 599 S.W.2d 618 (Tex.Cr.App.1980); *Cumbie v. State,* 578 S.W.2d 732, 733 (Tex.Cr.App. 1979). As such, it was error calculated to injure the rights of appellant, Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981), and requires reversal.

The judgment is reversed and the cause is remanded.

CLARK, Justice, concurring.

I concur in reversing the conviction and remanding this cause for a new trial because there is no question that the indictment failed to charge the appellant with aggravated rape of a child, as that offense is defined in Texas law.

This is a judgment which should not have reached the appellate level burdened with the infirmity which requires us to send the case back for new trial. Appellant's appointed counsel pointed out to the court and the State's attorney, repeatedly and insistently, the specific defect in the indictment; but the State successfully defended its indictment and assured the trial court that it was legally sufficient to charge aggravated rape. Since the indictment did not charge the appellant with aggravated rape, as appellant's counsel pointed out, reindicting to allege the omitted elements of aggravation would have cured the defect and avoided the reversible error which occurred. That course of action would have occasioned minimal delay and expense, especially if the defective state of the indictment had been recognized when appellant first raised it, in his pretrial motion to quash. Alternatively, without reindicting, the jury could have been instructed on the offense of rape of a child, using only the allegations of the indictment, rather than on the offense of aggravated rape of a child, in terms which the indictment did not allege. That course of action would have resulted in a conviction for a felony one grade lower than that intended by the State, but no delay or additional expense would have been incurred; and since appellant was convicted as a habitual violator, he could have been assessed the same sentence after conviction for either felony offense. Either alternative would have given finality to the judgment of conviction and avoided the substantial delay, expense, and inconvenience which has resulted from the State's insistence upon going forward to obtain an aggrava-

2. Appellant's counsel presented several requested special charges, one of which was a charge outlining accurately the elements of aggravated rape of a child. Had the trial court acted favorably on this request, the error in so charging the jury would have been chargeable to appellant, and would have precluded him from claiming any error in the giving of the charge. *Ayers v. State,* 606 S.W.2d 936, 938 (Tex.Cr.App.1980); *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Cr.App.1979); *Banks v. State,* 624 S.W.2d 762, 764 (Tex.App.—Houston [14th Dist.] 1981). The record, however, clearly reflects that the trial court denied all of the requested special charges, and thus the error in the final charge to the jury was not the result of any action by appellant.

ted rape conviction upon an indictment which lacked necessary elements of aggravation, even after that shortcoming was pointed out repeatedly by defense counsel before and during trial.

Appellant complains in ground of error number three that the trial court unduly restricted his cross-examination of the complaining witness. An examination of the statement of facts, however, reveals that appellant's assertion is without merit. In light of our remand for a new trial, I would specifically overrule appellant's third ground of error.