**David Wayne ADAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–82–0502–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 1983.

Lewis Dickson, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before DOYLE, WARREN and LEVY, JJ.

DOYLE, Justice.

This is an appeal from a conviction of the offense of aggravated rape. Appellant was assessed a sentence of twenty years confinement by a jury. We shall discuss only grounds two and three of appellant's four grounds of error which we deem to be dispositive of this appeal.

Appellant was charged by felony indictment with the offense of aggravated rape, allegedly committed on or about July 2, 1981.

In the second and third grounds of error, appellant contends that the trial court's charge was fundamentally defective because:

(1) the charging paragraph permitted the jury to return a verdict of conviction based upon a theory entirely different from that alleged in the indictment, and,

(2) it failed to require the jury to find that appellant had sexual intercourse with the complainant as alleged in the indictment.

In fact, the indictment in the instant case alleges that appellant:

... did then and there unlawfully and intentionally and knowingly by force and threats have sexual intercourse with J.L.M., a female not his wife and hereinafter styled the Complainant, and by acts, words, and deeds the defendant did *intentionally and knowingly place the Complainant in fear of serious bodily injury*

*and death* to be imminently inflicted on J.L.M. . . . (Emphasis added)

Clearly, the indictment is based upon the theory that the complainant was placed in fear of serious bodily injury, by the appellant's acts, words, and deeds.

In contrast, the charging paragraph was based on the theory that the appellant compelled submission to sexual intercourse by threat of serious bodily injury:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of July, 1981 in Harris County, Texas the Defendant, David Wayne Adams, did then and there intentionally or knowingly, without the consent of J.L.M. a female, have sexual intercourse with the said David Wayne Adams, and that the said J.L.M. was not then the wife of the Defendant, and that the Defendant intentionally or knowingly *compelled submission to the sexual intercourse by J.L.M. by threat of serious bodily injury to be imminently inflicted upon her* by acts, words, and deeds, and that such threat to J.L.M. was such that it would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances because of a reasonable fear of harm, then you will find the Defendant guilty of aggravated rape. (Emphasis added)

A major difference between the two theories of aggravation is that one requires the court to find that the defendant used a threat of serious bodily injury to compel the complainant's submission prior to or during intercourse, whereas the other simply requires the court to find that the defendant placed the complainant in fear of serious bodily injury, regardless of whether this fear was used to compel submission.

■ Generally, when the court's charge authorizes a conviction on a theory not alleged in the indictment, the charge is fundamentally defective, and the conviction must be reversed on appeal. *Martinez v. State,* 641 S.W.2d 526 (Tex.Cr.App.1982); *Johnson v. State,* 627 S.W.2d 426 (Tex.Cr. App.1982); *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr.App.1979); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Crim.App.1979).

In a similar case, *Guerra v. State,* 643 S.W.2d 780 (Tex.App.—San Antonio 1983, writ ref'd), the court ruled that where the court's charge set out all the correct statutory elements of aggravated rape of a child, but the indictment merely alleged the elements constituting rape of a child, the judgment must be reversed.

■ In the instant case, the charge correctly sets out all the elements of aggravated rape, as provided in the statute effective at the time of the offense:

§ 21.03.  Aggravated Rape

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

(1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

(b) An offense under this section is a felony of the first degree. Art. 21.03 V.T.C.A. Texas Penal Code (1974).

On the other hand, the indictment only alleges the elements of the offense of rape, under art. 21.02 V.T.C.A. Texas Penal Code (1974):

§ 21.02.  Rape

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

(b) The intercourse is without the female's consent under one or more of the following circumstances:

(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

(2) he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution; . . .

Consequently, the jury was authorized by the court's charge to convict the defendant of an offense on a theory different from that alleged in the indictment. Under *Guerra* this constitutes fundamental error and requires reversal.

 Further, and incurably fatal, the charge required the jury to find that appellant had sexual intercourse with himself, instead of with the complainant, as alleged in the indictment:

> ... did then and there intentionally or knowingly, without the consent of J.L.M., a female, *have sexual intercourse* with the said *David Wayne Adams....* (Emphasis added)

At the time of the commission of the offense, art. 21.03 provided that one of the essential elements of aggravated rape is the commission of a rape, as defined in § 21.02 V.T.C.A., Texas Penal Code.

Under § 21.02, a person commits rape only if he has sexual intercourse with a female not his wife, and without the female's consent. Although the indictment reflects this element, the charging paragraph of the charge mistakenly names the appellant instead of the complainant as the person raped.

The general rule is that the failure to include in the jury charge all essential elements of the offense, as alleged, constitutes fundamental error. *Johnson v. State,* 615 S.W.2d 753, 754 (Tex.Cr.App.1981); *Cumbie, supra.*

Clerical errors, such as the one that occurred in the instant case, have been held to constitute fundamental error in indictments, for failure to state an offense lying within the subject area of the trial court. *Ex Parte Millard,* 587 S.W.2d 703, 706 (Tex. Cr.App.1979); *Bogany v. State,* 646 S.W.2d 534 (Tex.App.-Houston [1st Dist.] 1982, no writ).

In *Bogany,* the court reversed a conviction for the unauthorized use of motor vehicle because the indictment alleged that the complainant was a person having "a greater right to possession of the property *other* than the defendant." (Emphasis added)

The court stated, that although "the use of the disputed word 'other' may have been only an inadvertent error," such inadvertence would not be material. The court found the indictment fundamentally defective. *Id.* at 535. By analogy, the same principle should apply to an inadvertent, fundamental defect in the court's charge, if the charge fails to state any offense at all against the State. On the basis of the fundamental errors in the court's charge, the appellant's second and third grounds of error are sustained.

The judgment of the trial court is reversed and the case is remanded.