### In re Joseph Bruyette

[556 A.2d 568]

No. 346-81

Present: **Allen, C.J., Hill, Peck and Hayes\*, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 23, 1988

*David W. Curtis, Defender General, Henry Hinton, Appellate Defender,* and *Nancy E. Kaufman, Acting Appellate Defender,* Montpelier, for Petitioner-Appellant.

*Carol E. Smith, Franklin County Deputy State's Attorney,* St. Albans, for Respondent-Appellee.

---

\* Justice Hayes was present for oral argument but did not participate in this decision.

**Barney, C.J.** (Ret.), Specially Assigned. Petitioner, Joseph Bruyette, was convicted and sentenced after pleading guilty to charges of breaking and entering, grand larceny, and assault and robbery. He appeals the superior court's dismissal of his petition for post-conviction relief. We reverse.

Petitioner raises several issues on appeal. First, he claims that his guilty pleas were not knowing and voluntary because of ineffective assistance of counsel. Second, he argues that he was deprived of effective assistance of counsel by losing the opportunity to accept a favorable plea offer that was later withdrawn. Third, petitioner asserts that the trial court erred in not properly considering his request for a change of assigned counsel. Fourth, he claims the trial court erred in accepting his guilty pleas without establishing a sufficient factual basis for those pleas. Finally, petitioner claims that he is entitled to have his sentences vacated because certain improper matters were presented to and ruled upon by the trial court in sentencing.

The facts necessary for a disposition of this appeal are as follows. In February of 1978, petitioner was arraigned in Franklin District Court on a charge of breaking and entering in the nighttime in violation of 13 V.S.A. § 1201 (since amended). Two months later, he was arraigned on a charge of armed robbery (13 V.S.A. § 608(b)), and in May, he was arraigned on a charge of larceny (13 V.S.A. § 2501). In each case, he pled not guilty, and the court assigned counsel to petitioner through the public defender's office.

As part of a comprehensive plea agreement in September of 1978, petitioner changed his plea to guilty on each of the three counts. As a result, petitioner was convicted and sentenced to terms of two to three years for the breaking and entering charge, four to eight years for the armed robbery charge, and one to two years for the charge of larceny, all sentences to run concurrently.

Petitioner argues that his guilty pleas were not knowing and voluntary because of ineffective assistance of counsel. Specifically, he asserts that his trial counsel's failure to file a motion to suppress in the breaking and entering case denied him reasonably effective assistance, and that, therefore, his pleas, as part of a plea agreement package, should be vacated. We agree.

In February of 1978, petitioner gave a statement to the police concerning the breaking and entering charge. The superior court

described the circumstances surrounding petitioner's statement in a finding of fact:

> [Joseph Bruyette] was at the Swanton police station for approximately five or six hours during the course of giving the statement. He was searched at the outset, and an item from his father's store, the premises broken into, was found. He was not allowed to call an attorney during this period of time.

Petitioner's specific testimony as to what happened when he arrived at the police station is as follows:

> My buddy was there and they let him go right away. They, you know, brought me into the office, patted me down, and searched me. They found a set of car keys on me, and then they sat me down and started questioning me about the B and E. They took the boots off me and they held me there for — well, they didn't read my rights and they held me there until — well, I think it was three o'clock when I went to the police station, and it was like nine o'clock — well about eight o'clock they said they were getting a search warrant to search one of my friend's house. I requested to call a lawyer and I was denied. It was about nine o'clock when they got ready to go and search the house, and when I felt that they were going to charge people or bring charges against people that were innocent, I gave them a statement.

In addition, the record indicates that when petitioner tried to leave the police station he was forced back into an office and told to sit. His request to call an attorney, as the court found, was refused. Although represented by three attorneys in the course of this proceeding, none of them filed a motion to suppress based on these facts.

We must determine whether the assistance provided by petitioner's counsel was reasonable considering all the circumstances. We believe that it was not.

Petitioner was unquestionably in custody during the course of giving an incriminating statement to the police concerning the breaking and entering charge. See *Berkemer* v. *McCarty*, 468 U.S. 420, 442 (1984) (the relevant inquiry for determining whether a suspect is in custody at a particular time is "how a reasonable

man in the suspect's position would have understood his situation"); *State* v. *Brunell*, 150 Vt. 388, 392, 554 A.2d 242, 244 (1988): Petitioner was detained approximately five to six hours at the Swanton police station while being questioned as a suspect.

In a custodial situation, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present." *Miranda* v. *Arizona*, 384 U.S. 436, 474 (1966). The United States Supreme Court spoke further on the ramifications of asserting the right to counsel in *Edwards* v. *Arizona*, 451 U.S. 477, 484-85 (1981): "[A]n accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."

In this case, the custodial interrogation did not cease despite petitioner's request for an attorney. Petitioner ultimately gave a statement. The statement, made without having had access to counsel, would have been a likely target for suppression had the proper pretrial motion been filed by petitioner's attorney. See *Edwards*, 451 U.S. at 487 (in context of police-initiated interrogation, statement made, after invoking right to counsel, and without having had access to counsel, did not amount to valid waiver and was thus inadmissible).

The United States Supreme Court recently enunciated standards by which to judge claims of ineffective assistance of counsel. Simply put, the inquiry in a case presenting an ineffectiveness claim "must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland* v. *Washington,* 466 U.S. 668, 688 (1984). A similar standard was enunciated by this Court in *In re Kasper*, 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982) ("the standard actually employed for reviewing the effectiveness of counsel is that of 'reasonable competence' as measured by the prevailing standards in the conduct of the defendant's case."). This Court concluded in *Kasper* that the "reasonable competence" standard was appropriate under Chapter I, Article 10, of the Vermont Constitution. *Id.* at 35-36, 451 A.2d at 1126.

In applying the standard to the facts of this case, we believe that the superior court erred when it concluded that the assistance provided by petitioner's attorney was not "measurably below the performance ordinarily expected of fallible lawyers." The lower court reasoned that petitioner's attorney's refusal to seek

suppression was proper because "the State had considerable evidence against the petitioner on each of the three charges." The court, however, did not indicate what specific evidence was present with respect to the breaking and entering charge. The "considerable evidence" in this charge is simply a finding which states: "Other evidence known to the police included the fact that tracks at the scene of the breaking and entering matched Joseph Bruyette's shoes and that his whereabouts on the evening of the break-in were known to the authorities."

We are unable to discover in the record any evidence to support the breaking and entering charge, other than that obtained from the appellant at the police station. The evidence that the tracks found at the location of the breaking and entering matched petitioner's boots was discovered after the police asked petitioner to remove his boots at the station house during the detention. Furthermore, the court's finding that petitioner's "whereabouts on the evening of the break-in were known to the authorities" is without evidentiary support, at least if it is interpreted to mean that this knowledge came from sources independent of the interrogation and search of petitioner during the detention.

Our review of the record reveals nothing to indicate that petitioner was aware, at the time he pled guilty, that he had a viable motion to suppress. In fact, petitioner's attorney discussed the prospects of suppressing the evidence with petitioner, and concluded that "there didn't appear to be any infraction." By not moving to suppress the evidence derived from petitioner's detention, and by advising petitioner to plead guilty, counsel acted unreasonably considering the circumstances. It is not reasonable for an attorney to advise a client to plead guilty to a charge for which the State lacks admissible evidence. See *Rinehart* v. *Brewer*, 561 F.2d 126, 132 (8th Cir. 1977) ("defendant was materially prejudiced by counsel's failure to adequately investigate the possibility of suppression" in a case where counsel knew that defendant, a juvenile, was subject to a five-hour police interrogation without the benefit of advice from an attorney or his parents); *Mason* v. *Balcom*, 531 F.2d 717, 724 (5th Cir. 1976) (defendant did not receive reasonably effective assistance of counsel prior to entering guilty plea where counsel, among other things, did not ask for a hearing on voluntariness of confession or look for instances of police misconduct which may have been a basis for a motion to suppress).

In *Chapman* v. *California*, 386 U.S. 18 (1967), the United States Supreme Court enunciated a harmless error standard by which to examine constitutional errors. The Court reasoned that certain constitutional infirmities may be "harmless" in terms of overall effect on the trial court factfinding process. Since *Chapman*, both the United States Supreme Court and this Court have "repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware* v. *Van Arsdall*, 475 U.S. 673, 681 (1986); see *State* v. *Nash*, 144 Vt. 427, 434, 479 A.2d 757, 761 (1984); *State* v. *Hamlin*, 146 Vt. 97, 105 n.1, 499 A.2d 45, 51 n.1 (1985). In applying this principle to the present case, we cannot say that the ineffective assistance provided by defendant's counsel was harmless error beyond a reasonable doubt.

In sum, petitioner was denied effective assistance of counsel. His guilty plea to the charge of breaking and entering was made in the context of a comprehensive plea agreement. The ineffective legal assistance petitioner received, although perhaps relating solely to the breaking and entering charge, tainted the entire change of plea decision. Therefore, petitioner must be given leave to withdraw his guilty pleas on the charges of assault and robbery and grand larceny, as well as the charge of breaking and entering in the nighttime.

Our decision on the issue of ineffective assistance of counsel makes it unnecessary for us to address petitioner's other claims of error.

*Order dismissing petition for post-conviction relief is reversed. Petitioner's convictions and sentences are vacated, and leave is granted for petitioner to withdraw his guilty pleas.*