## State of Vermont v. Donald L. Ringler

[571 A.2d 668]

No. 88-307

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Keyser, J., (Ret.), Specially Assigned

Opinion Filed December 29, 1989

*Jeffrey L. Amestoy,* Attorney General, and *David E. Tartter,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant appeals his conviction of lewd and lascivious conduct with a male child who was seven years of age at the time of the alleged offense. 13 V.S.A. § 2602. During a trial by jury, the court excluded evidence that the child first reported the defendant's abuse of him when the boy himself was under investigation for, and being questioned about, sexually abusing other children. Defendant claims this ruling violated his state and federal constitutional rights to confrontation and to present a defense. We decline to reach a constitutional challenge concerning the admission of prior convictions to impeach defendant's credibility because it is raised for the first time on appeal.

We affirm because the defendant did not adequately preserve the confrontation issue.

The evidence disclosed that the child (complainant) reported the alleged offense during the course of "an investigation" involving him. When defense counsel attempted to cross-examine various witnesses about the nature of the investigation, the State objected and was sustained. This kept from the jury the fact that the "investigation" concerned allegations that complainant had sexually molested other children. This issue had been raised with the court on a number of occasions before and during trial. It was disclosed to the court that complainant at first denied any sexual involvement with other children and later said that the defendant had "several years before taught him to do these things." Complainant described an incident that occurred on August 26, 1984, when he was seven years old. Complainant testified that defendant put his hand inside complainant's pants, touched his penis and that when defendant kissed him, he stuck his tongue in complainant's mouth.

Before trial, the State moved in limine to exclude evidence of allegations that the complainant had been sexually involved with three children. At a hearing on the motion, the defense argued that this evidence was relevant to "the circumstances in which disclosure [by complainant] was first made," but that it was not the "intention to bring out the fact of these sexual . . . activities as impeaching character." The court granted the motion in limine subject to revision at trial.

The subject was broached again prior to jury drawing. The trial judge indicated his difficulty seeing the relevance of complainant's inappropriate sexual behavior with other children as bearing on the defendant's conduct. Defense counsel was no more helpful in educating the court as to relevance than he was when the issue was argued earlier. Counsel stated simply that the investigation concerned the circumstances surrounding complainant's accusation of the defendant.

Following a verdict of guilty, defendant moved for a new trial and argued that the nature of the investigation of complainant was relevant to impeach the latter's credibility. This was the first time the defense came close to articulating a

proper ground to admit the evidence excluded at trial. The fact that complainant accused defendant while the former was under investigation for sexual wrongdoing raises an inference that the accusation against defendant was made as an exculpatory gesture (e.g., to make things go easier on the complainant or divert the investigation of his behavior) rather than because it was true. In short, the existence and possible consequences of the investigation into complainant's activities with other children was relevant and admissible. It was error to exclude it.

We hold, however, that the defense did not adequately preserve the error for appeal. V.R.E. 103(a)(2) requires an offer of proof to be made before error may be predicated upon a ruling excluding evidence. At no time did the defense offer to prove that complainant may have lied about defendant because he was under investigation himself. For all the court knew, the defense wished to parade before the jury the lurid details of the allegations about complainant's sexual involvement with other children. There is a limit to cross-examination on collateral issues, and the defendant never apprised the court what detail about the "investigation" he wished to pursue. See *State v. Raymond*, 148 Vt. 617, 621, 538 A.2d 164, 167 (1987) (defendant's confrontation right not violated by precluding counsel from inquiring, to impeach credibility of witness, about potentially lurid details of investigations pending against witness). It is therefore insufficient merely to make known the evidence one wishes admitted. The grounds for admissibility of the evidence must be demonstrated as well, unless it is obvious from the context. "An offer of proof must be specific and concrete, showing what evidence will be introduced, the particular circumstances or conditions covered and the purpose of the offer." Reporter's Notes, V.R.E. 103. See *R. E. Bean Construction Co. v. Middlebury Assoc.*, 142 Vt. 1, 7, 451 A.2d 1096, 1100 (1982).

Here, defendant did not articulate that the challenged evidence was relevant to impeach the complainant until after trial, and not until this appeal did defendant first articulate his *theory* of impeachment. The grounds discussed for admitting or excluding the evidence ranged from V.R.E. 403 (exclusion of relevant evidence on grounds of prejudice, confusion, or waste

of time), V.R.E. 404 (character evidence not admissible to prove conduct), V.R.E. 608 (evidence of character and conduct of witness) and 13 V.S.A. § 3255 (Rape Shield Law). None of these provisions provided a ground for admission of the impeaching evidence. The evidence was admissible simply because it was relevant to the issue of credibility, a ground never reasonably communicated to the court by defendant.

■■ Absent plain error, we will not find reversible error unless appellant makes it reasonably known to the court why certain evidence is relevant and otherwise admissible. Here, the admissibility of evidence of complainant's behavior with other children depended upon its use. The State would have been entitled to a limiting instruction in any event to alert the jury not to use the evidence for an impermissible purpose.

■ We decline to find plain error for two reasons. First, there is a competing inference from the evidence about the investigation of complainant for sexual misconduct that favors the prosecution. Complainant's allegation that defendant taught him about sexual contact may be true because the boy learned sexual behavior that caused him to act inappropriately with other children. Second, during the trial, defendant did not shape an argument on why the investigation of complainant was relevant at all, let alone relevant to credibility. We wonder what use defense counsel would have made of the evidence, if admitted, during final argument. Perhaps a discerning juror would have deduced the logic hidden in the facts, yet the impact of that logic was so unfocused—indeed obfuscated—we doubt there would have been any measurable impact on the issue of guilt.

*Affirmed.*