## State of Vermont v. Gary L. Blair

[583 A.2d 591]

No. 88-493

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 12, 1990

*M. Patricia Zimmerman*, Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Robert W. Katims* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Dooley, J.** Defendant, Gary L. Blair, was convicted by a jury of sexual assault pursuant to 13 V.S.A. § 3252(a)(1)(A). Defendant appeals, claiming two grounds for reversal: (1) that the trial court erred by failing to inquire further into the possibility of jury misconduct; and (2) that the court erred in excluding opin-

ion testimony to demonstrate the victim's character for untruthfulness. Since we reverse defendant's conviction based on the trial court's exclusion of the opinion testimony, we do not reach the other issue raised by defendant.

The trial came down to a credibility contest between two prison inmates. The victim testified that he was sexually assaulted by defendant, his cell mate. He did not report the incident for several months. The incident occurred after lights out, late in the evening of February 1st and continuing into the morning of February 2, 1987. According to the victim, defendant threatened him with violence in order to induce him to engage in oral sex and, in fact, punched him and slammed him off cell walls leaving him bleeding and bruised. The only other witness for the State was the supervisor of security and operations at the Woodstock Correctional Center (WCC), who described the physical layout and operations at WCC and the victim's report of defendant's sexual assault upon him.

Defendant testified in his own behalf and denied that he had sexually assaulted the victim at any time. He also testified that the activity described by the victim would have been heard by other inmates and the guards. Another inmate, who had been the victim's cell mate in March of 1987, testified for the defense. He stated that activity in one cell could be overheard in surrounding cells and that the victim had never mentioned the incident to him.

The closing arguments reflect the credibility battle. The defense emphasized discrepancies between the victim's testimony in his deposition and at trial and that it was impossible for the events described by the victim to have occurred without being heard or seen by a guard. The defense also emphasized that the bleeding and bruises described by the victim should have been observed by a guard, if they were actually present, and that the victim delayed reporting the incident until he had a motive to obtain a transfer to another facility. The State's argument was that both the victim and his recitation of events was credible. The jury accepted the State's position.

The issue before this Court involves a State motion in limine to exclude the use of reputation and opinion evidence to show that the victim had an untruthful character "because such opinion and reputation evidence is neither trustworthy nor reli-

able." At the time of the motion, defendant's counsel had taken the deposition of a number of inmates at WCC, and the State's motion referenced deposition statements as the evidence it wished to exclude. After determining that there was not a sufficient period of time to develop reputation, because the WCC is a transient community, the court granted the motion prior to trial. Although defendant argued that opinion evidence is judged by different standards than reputation evidence, the State's argument clearly confused the two types of evidence. In granting the motion in limine, the court stated that there was insufficient time for the victim to develop a reputation in light of the nature of the correctional center "community." The court never mentioned that the motion also covered opinion evidence.

The evidence covered by the motion never came up at trial, and defendant used the testimony of only one of the inmates he had deposed. That testimony did not relate to the victim's character although the witness denied a statement attributed to him by the victim.

Defendant raised the evidence issue again in a motion for a new trial. Defendant's counsel more clearly focused on the difference between reputation and opinion evidence and the lack of a "community" requirement for the latter. The State again seemed to argue that there was no difference in the type of evidence used and that the court must find a "community" for both. The court's ruling again related solely to reputation evidence, categorizing defendant's argument as an "objection to the exclusion of reputation evidence." The court reiterated its holding that WCC was not a community of sufficient size, interest, duration and opportunity to observe to have formulated a trustworthy reputation about the victim and concluded that it had been correct in granting the motion in limine because "the reputation evidence was not reliable or trustworthy."

In this Court, defendant has abandoned his claim that he could have shown the victim's reputation for veracity, but argues that the court's ruling excluding testimony about a witness's opinion of the victim's veracity was error. The State's position here, different from that below, is that the opinion evidence was inadmissible because defendant failed to show it was based on personal knowledge of the witnesses involved.

 Defendant's position is based on V.R.E. 608(a), which allows the character for truthfulness of a witness to be attacked by opinion testimony.[1] The evidence involved here clearly fit within the rule because the victim was a witness and it went solely to his character for truthfulness. The court's grounds for excluding the evidence, that it didn't meet certain foundational requirements for the victim to have a reputation, do not apply to opinion evidence. Weinstein summarizes the use of opinion evidence of character for truthfulness as follows:

> Witnesses may now be asked directly to state their opinion of the principal witness's character for truthfulness and they may answer for example, "I think X is a liar." The rule imposes no prerequisite conditioned upon long acquaintance or recent information about the witness; cross-examination can be expected to expose defects of lack of familiarity and to reveal reliance on isolated or irrelevant instances of misconduct or the existence of feelings of personal hostility towards the principal witness.

3 Weinstein's Evidence ¶ 608[04], at 608-25 (1988). Based on the description of the evidence in the State's motion in limine, it met this standard.

 The State now argues that it didn't meet the requirements of the rule because the opinions of the persons who were deposed by the defendant were based on "conjecture, rumor, or other inadmissible evidence." We agree that the grant of a motion in limine cannot be a ground for reversal if the evidence excluded would not be admissible in any event and, thus, the

---

[1] This case does not involve V.R.E. 404(a)(2), which specifically authorizes the defendant to show a character trait of the victim. That rule applies to any pertinent character trait, including the victim's character for truthfulness. However, under V.R.E. 405, character to be shown under Rule 404(a) may not be proven by opinion. See Reporter's Notes to V.R.E. 405 (Vermont did not adopt federal rule authorizing opinion evidence of character, preferring to follow the Court's then recent decision in *State v. Sturgeon*, 140 Vt. 240, 245, 436 A.2d 777, 780 (1981), excluding such evidence). Thus, the character evidence involved here becomes admissible, if at all, because the victim was a witness in the trial, and it relates solely to the victim's character for truthfulness. The State has not argued that the exclusion of opinion evidence of character in Rule 405 should apply to a credibility challenge governed by Rule 608. In light of the specific authorization in Rule 608(a) of the use of opinion evidence, we see no grounds for such an argument.

evidentiary ruling is harmless. See *State v. Griffin*, 152 Vt. 41, 46, 563 A.2d 642, 645 (1989). We also agree that the court has discretion under V.R.E. 403 and 602 to exclude this kind of opinion evidence if "the witness lacks sufficient information to have formed a reliable opinion." 3 Weinstein's Evidence ¶ 608[04], at 608-25–26. Even if we accept that we can consider only the depositions taken by defendant in making that evaluation, we cannot find the grant of the motion to be harmless. In general, the basis for an opinion is a matter for cross-examination, as Weinstein states. One of the inmates who gave a deposition stated that he heard the victim describe the alleged sexual assault upon him "and I stood up and I called him a liar because I knew that he was selling his ass and his mouth for cigarettes and he said that he never said that." He went on to state that he knew personally people with whom the victim had engaged in sexual acts in return for cigarettes.[2] We cannot find the evidence inadmissible on the ground the State alleges.

■ Nor can we find the exclusion of the evidence harmless beyond a reasonable doubt, the standard when an alleged evidentiary error is involved. See, e.g., *State v. Goodrich*, 151 Vt. 367, 377–78, 564 A.2d 1346, 1352 (1989). This was a credibility contest between the victim and the defendant. We can not say that a third party's opinion of the credibility of the victim could not have tipped the scales such that defendant would have been acquitted.

■ Although the State has not argued it, there is a preservation issue in this case. It is not entirely clear that the trial judge recognized that he was dealing with two types of evidence and that his ruling was excluding both reputation and opinion evidence. Certainly, defendant's attorney could have been more clear on that point, and hindsight suggests that a request for clarification of the trial court's ruling might have changed it. For three reasons, however, we believe that the issue was preserved.

---

[2] We emphasize this evidence because it was based on personal knowledge, contrary to the State's position in this Court. The witness was not directly asked his opinion in the deposition, although we can fairly infer he would have stated an opinion. In any event, defendant had no reason in the deposition to phrase his questions in terms of opinions.

First, defendant met the basic requirements for preservation set forth in our cases. The grant of the motion in limine was a ruling excluding evidence and thus is governed by V.R.E. 103(a)(2). That rule states that error can not be predicated on a ruling that excludes evidence "unless a substantial right of the party is affected" and in the case of a ruling excluding evidence, "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." As discussed above, the ruling excluded relevant evidence that might have made a difference in the trial. Unlike the recent decision in *State v. Ringler*, 153 Vt. 375, 378, 571 A.2d 668, 670 (1989), the nature and relevance of the testimony was apparent to the court although it was the State that brought out that nature and relevance. Defendant's counsel cited to V.R.E. 608 and stated the proper ground for the admission of the evidence. The State's motion specifically described the proposed evidence based on the depositions that defendant had taken.[3] The court did not question the nature of the testimony in making its ruling. This is not a case where the pretrial ruling was conducted by one judge and the trial was conducted by another. See *State v. Jewell*, 150 Vt. 281, 282–83, 552 A.2d 790, 791–92 (1988) (where judge presiding at trial is different from the judge who ruled on motion in limine, defendant must renew grounds in evidentiary objection in order to preserve issue for review).

Second, the confusion, if any, about the nature of the evidence was caused by the State's motion in limine and not any action of the defendant. The motion specifically covered "opinion and reputation evidence." We have emphasized that a motion in limine "'should be used, if used at all, as a rifle and not as a shotgun.'" *State v. Dubois*, 150 Vt. 600, 602, 556 A.2d 86, 87 (1988)

---

[3] There is a question whether the State fully described the evidence, although that is not determinative of our conclusion. Defendant's counsel represented that "some of this information on veracity was not from just inmates but were from several guards that were interviewed." The attorney for the State responded that "there was only one guard whose deposition testimony I saw and I did not include any of his characterizations in my motion" and that the guard to whom she referred was unavailable for trial. The State's motion did not limit its effect only to the testimony of inmates; it would have covered a guard if the guard were to testify as defendant's counsel represented. The court did not pursue this conflict.

(quoting *Lewis v. Buena Vista Mutual Ins. Ass'n*, 183 N.W.2d 198, 201 (Iowa 1971)). The State filed a broad motion in limine, using a shotgun rather than a rifle approach. The State failed to distinguish the requirements for reputation from those for opinion evidence and alert the trial judge to this difference. The motion in limine is an important way to resolve issues prior to trial. See *State v. Hooper*, 151 Vt. 42, 44 n.*, 557 A.2d 880, 881 n.* (1988). The defendant, as well as the State, is entitled to rely on that resolution. We are reluctant to fault the defendant for failing to convince the trial court that the State made a mistake in filing such a broad motion or in failing to specify why opinion evidence should have been excluded.

Third, while it is possible that the trial judge would have differentiated between opinion and reputation evidence if defendant's counsel had sought a clarification, it is equally possible that the court was aware of the distinction defendant was drawing and rejected it. The latter explanation is supported by the fact that defendant renewed the argument in his motion for a new trial and specifically emphasized the lack of a community requirement for opinion evidence. The court's decision did not differentiate between opinion and reputation evidence. There is nothing more that defendant could have done to have made the court aware of the distinction.

■ For the above reasons, we conclude that the exclusion of opinion evidence of the victim's character for untruthfulness was error, the error was not harmless, and defendant properly preserved it. Accordingly, defendant is entitled to a new trial. Because the other asserted error raised by defendant could result only in a retrial and is unlikely to arise in a new trial, we do not reach it.

*Reversed and remanded.*