## In re Donald Ringler

[605 A.2d 522]

No. 90-198

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 7, 1992

*Robert Katims* and *David Venman*, Legal Intern, of *Martin & Paolini*, Barre, for Petitioner-Appellee.

*Karen R. Carroll*, Windham County Deputy State's Attorney, Brattleboro, for Respondent-Appellant.

**Gibson, J.** The State appeals a superior court order vacating petitioner Donald Ringler's conviction for lewd and lascivious conduct with a child, 13 V.S.A. § 2602. After a post-conviction-relief hearing, 13 V.S.A. § 7133, the court found that petitioner had received ineffective assistance of counsel at trial to his prejudice. The State argues (1) that the court improperly considered counsel's failure to preserve an evidentiary objection for review on appeal, (2) that the evidence did not establish that counsel's conduct was unreasonable, and (3) that the court failed to make an essential finding regarding the probable outcome of the trial had counsel acted differently. We reverse and remand on the basis of the last claim.

## I.

Petitioner was convicted in 1988 of lewd and lascivious conduct with a child for allegedly touching the child's penis and inserting his tongue into the child's mouth. Petitioner appealed, arguing that the trial court had improperly excluded cross-examination that would have revealed that the child himself was under investigation for improper sexual behavior at the time he made the complaint against defendant. We agreed that the court should have allowed the questioning because it was relevant to the child's credibility, *State v. Ringler*, 153 Vt. 375, 378, 571 A.2d 668, 669–70 (1989), but denied relief because counsel had not properly informed the trial court of the basis for his proposed cross-examination, and because its exclusion was not sufficiently prejudicial to constitute plain error. *Id.* at 378–79, 571 A.2d at 670.

Petitioner next sought post-conviction relief, claiming violation of his state and federal constitutional rights on the basis of

ineffective assistance of counsel. He called three witnesses—himself, his trial counsel, and another attorney as an expert witness—to show numerous failures on the part of counsel. The State called no witnesses. The court granted relief, concluding: "[W]e cannot say that the ineffective assistance provided by defendant's counsel was harmless error beyond a reasonable doubt."

## II.

The State argues first that the court should not have considered evidence concerning counsel's failure to preserve an objection to the exclusion of his proposed cross-examination. Citing *In re Kasper*, 142 Vt. 31, 451 A.2d 1125 (1982), the State maintains that because this issue was considered on direct appeal, it cannot be reconsidered in a post-conviction relief proceeding.

In *Kasper*, this Court declined to consider whether counsel's failure to seek suppression of identification testimony amounted to ineffective assistance of counsel, where the Court on direct appeal had determined that admission of the testimony was not error, plain or otherwise. *Id.* at 36, 451 A.2d at 1127; see also *In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106, 1110 (1981) ("Absent exigent circumstances, a matter adversely decided on direct appeal cannot be relitigated, and collateral attack is barred if the movant deliberately bypassed the issue on appeal."). Because admission of the testimony was not error, the Court found that the petitioner could not have been prejudiced by counsel's failure to object. *Kasper*, 142 Vt. at 36, 451 A.2d at 1127.

In contrast, on direct appeal of the conviction of petitioner herein, we held that the trial court had erred in excluding counsel's cross-examination, but ruled that the error did not amount to plain error. *Ringler*, 153 Vt. at 379, 571 A.2d at 670. We expressed a "doubt [that] there would have been any measurable impact on the issue of guilt" had the evidence been admitted. *Id.* This expression of doubt is not enough to preclude the issue from being reconsidered in the post-conviction-relief proceeding, particularly when the error is but one of many being urged by petitioner as grounds for relief. The issue was thus properly before the trial court for its consideration.

## III.

██ The State next argues that the evidence at the post-conviction-relief hearing was insufficient to show that counsel's conduct was unreasonable. Petitioner alleged errors by counsel ranging from failure to exclude biased jurors to failure to impeach the State's witnesses with inconsistent deposition testimony. Although we agree that the conduct of counsel during trial is presumed to be reasonable, *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *In re Pernicka*, 147 Vt. 180, 183, 513 A.2d 616, 618 (1986), the State here is essentially rearguing the facts. The trial court made findings, all of which are supported by credible evidence, that counsel had made prejudicial mistakes, and we therefore will not disturb those findings. See *In re Fadden*, 148 Vt. 116, 119, 530 A.2d 560, 562 (1987) (findings of fact in post-conviction relief proceeding will not be disturbed unless clearly erroneous).

## IV.

██ The critical problem herein is that the court did not apply the proper standard to its findings in concluding that petitioner did not receive effective assistance of counsel. Under both the Sixth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution, a defendant who challenges the adequacy of counsel's assistance must show by a preponderance of the evidence, first, that counsel's conduct did not measure up to the prevailing standard of a reasonably competent attorney, *Strickland*, 466 U.S. at 687–88; *In re Pernicka*, 147 Vt. at 182, 513 A.2d at 617, and second, that counsel's failure to meet that standard prejudiced the defendant such that there is "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pernicka*, 147 Vt. at 184, 513 A.2d at 618 (quoting *Strickland*, 466 U.S. at 694).

██ In the present case, the court noted the proper test at the outset of its decision, but concluded from its findings only that "we cannot say that the ineffective assistance provided by defendant's counsel was harmless error beyond a reasonable doubt." This conclusion is insufficient to support post-conviction relief because it does not indicate whether petitioner estab-

lished a reasonable probability that the outcome of his trial would have been different had he received reasonably competent assistance from counsel. The test used by the trial court was taken from *In re Bruyette*, 150 Vt. 557, 562, 556 A.2d 568, 571 (1988), where, after finding that the petitioner's counsel had not been reasonably effective, this Court concluded that the ineffective assistance had not been harmless. *Bruyette* did not discuss the prejudice prong of the *Pernicka/Strickland* test. Rather, as noted in *In re Fisher*, 156 Vt. 448, 462, 594 A.2d 889, 897 (1991), the Court merely failed to mention it in circumstances where the prejudice was obvious.

We decline to substitute our judgment for that of the superior court in determining the weight to give its findings, especially since there was evidence that many of counsel's decisions were at least in part motivated by tactical considerations. See *Pernicka*, 147 Vt. at 183, 513 A.2d at 618 (tactical decisions not unreasonable simply because unsuccessful). Thus, we remand to the superior court for further consideration of its opinion and order in accordance with the established legal standard.

*Reversed and remanded.*