# State of Vermont v. Wayne W. Hughes

[610 A.2d 559]

No. 90-294

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 8, 1992

*Joel Page*, Lamoille County State's Attorney, Hyde Park, for Plaintiff-Appellee.

*Robert Katims* and *Charles Martin* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant Wayne Hughes raises three issues in this appeal of his conviction for sexual assault. He argues first that the trial court's instruction allowed the jury to convict him on a theory of liability not charged in the information; second, that the prosecutor made comments in closing argument that impaired his right to a fair trial; and third, that the trial court erred in refusing to allow opinion evidence under V.R.E. 608(a). We affirm.

On November 21, 1989, defendant was charged with "engaging in a sexual act with J.R., a minor to whom he was not married, consisting of contact between the penis and vulva, contrary to 13 V.S.A. § 3252(3)." The victim testified that defendant had repeated sexual contact with her on a single day in the spring of 1988. Her testimony included references to contact between defendant's tongue and her vagina as well as contact between defendant's penis and her vagina. Defendant did not object to the victim's testimony regarding oral contact. The trial court's instruction to the jury included the following definition of "sexual act," taken substantially from 13 V.S.A. § 3251(1)*: "A sexual act means contact between persons con-

---

* 13 V.S.A. § 3251(1) provides as follows:

A "sexual act" means conduct between persons consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any intrusion, however slight, by any part of a person's body or any object into the genital or anal opening of another.

sisting of contact between the penis and the vulva, or any intrusion, however slight, by any part of a person's body into the genital opening of another." Defendant did not object to this instruction.

## I.

■ On appeal, defendant claims that the jury instruction constituted reversible error because it allowed the jury to convict him for an act not charged in the information, namely, oral sexual contact. Because there was no objection to the jury instruction, we will not reverse absent plain error, *State v. Dion*, 154 Vt. 420, 424, 578 A.2d 101, 103 (1990), but will review the instruction as a whole, to ascertain if it was balanced and fair. *State v. French*, 152 Vt. 72, 82, 564 A.2d 1058, 1064 (1989).

Defendant cites several cases from other jurisdictions, which evince concern that defendants not be convicted on theories of liability other than those charged. See *Mathews v. State*, 176 Ga. App. 394, 395, 336 S.E.2d 259, 261 (1985)(where accusation alleges offense committed in one way, it is reversible error to instruct jury that offense may be committed in more than one way without limiting the jury's consideration to the manner alleged); *People v. Crutchfield*, 111 A.D.2d 346, 346, 489 N.Y.S.2d 327, 329 (1985)(reversible error "to submit to the jury a theory of liability not contained in the indictment"); *Adams v. State*, 663 S.W.2d 116, 117 (Tex. Ct. App. 1983)(charge authorizing conviction on a theory not contained in the indictment is fundamentally defective). These cases clearly involved misleading jury instructions. In *Mathews*, the trial court avoided error by issuing a remedial instruction limiting the jury's consideration to defendant's use of alcohol only, where the defendant was accused of driving under the influence of alcohol but where the statute allowed conviction for driving under the influence of alcohol and/or drugs. *Mathews*, 176 Ga. App. at 395, 336 S.E.2d at 261. In *Crutchfield*, the trial court read to the jury the elements of third-degree assault instead of the elements of second-degree assault, the alleged offense. *Crutchfield*, 111 A.D.2d at 346, 489 N.Y.S.2d at 329. In *Adams*, the jury charge set forth the elements of aggravated rape although the indictment alleged rape. *Adams*, 663 S.W.2d at 117.

In this jurisdiction, defendant relies on *State v. Bailey*, 144 Vt. 86, 475 A.2d 1045 (1984), for the proposition that where the

information alleges one unlawful act and the evidence concerns more than one unlawful act, the State must elect which act it will rely upon for conviction. *Id.* at 98, 475 A.2d at 1052. Defendant maintains that the trial court in the instant case should have required the State to elect which theory—oral sexual contact or penis/vulva contact—it intended to rely upon for conviction, or the court should have included an instruction limiting the jury's consideration to the specific theory charged in the information.

■ Viewing the instruction as a whole, however, we are unable to conclude that it was improper or misleading. The instruction made no mention of oral contact; in fact, it omitted the words "mouth" and "vulva," which appear in the statutory definition of sexual contact. Nothing in the instruction stated that evidence of oral contact by defendant with the victim's vulva could suffice to prove the State's allegations. Further, although there were three references to oral sexual contact in the testimony, the bulk of the evidence concerned penis/vulva contact, as alleged in the information. There was no error, much less plain error.

■ Defendant's alternative claim is that the evidence of oral sexual contact should have been admitted only for limited purposes pursuant to V.R.E. 404(b). We note once again the lack of objection at trial. Reviewing for plain error, we find none here. See *State v. Ross*, 152 Vt. 462, 468, 568 A.2d 335, 339 (1989) (where trial court fails to exclude testimony, plain error will be found only if error is obvious and affects substantial rights of defendant).

II.

Defendant next claims that the prosecutor's closing argument contained comments that were improper and impaired his right to a fair trial. Again, however, defendant failed to object at trial or to request instructions that would mitigate the effect of the comments.

■■ Comments made in closing argument must be "manifestly and egregiously improper" before we will consider them under the plain-error doctrine. *Bailey*, 144 Vt. at 100, 475 A.2d at 1053; see also *State v. Hemingway*, 148 Vt. 90, 91, 528 A.2d 746, 748 (1987) (defendant challenging prosecutor's closing ar-

gument must establish that argument was improper and impaired defendant's right to fair trial). We have expressed disapproval of remarks that impugned the defense strategy without finding that they were so improper as to affect the defendant's right to a fair trial. See *State v. Francis*, 151 Vt. 296, 300, 561 A.2d 392, 394 (1989) (State's closing argument that defense had put up "smoke screen" was mischaracterization of defendant's "reasonable and relevant" arguments). Here, there were comments that defense counsel "was not missing a trick" in questioning the victim, "[h]ad [the victim] coming and going and tied up right in circles" and "has her confused." In addition, the prosecutor said that "not once did [the defense attorney] really slip up." Examining the closing argument in its entirety, we cannot conclude that comments about the defense attorney's tactics were manifestly or egregiously improper or impaired defendant's right to a fair trial.

## III.

Finally, defendant claims that the trial court erred in refusing to allow opinion evidence attacking the credibility of the complaining witness. He asserts that the proffered witness was prepared to offer an opinion of the victim's character for truthfulness under V.R.E. 608(a). The record shows, however, that the witness's testimony was offered as evidence of the victim's reputation in the community, which requires a different foundation for admissibility. See *State v. Blair*, 155 Vt. 271, 275, 583 A.2d 591, 593 (1990). But the defense failed to show that the witness possessed sufficient information regarding the victim's reputation to warrant admitting the evidence. When asked, outside the presence of the jury, whether she had a sense of the victim's reputation in the student body or in the geographic community where she lived, the witness said she did not know.

■■ A party must articulate the theory of impeachment under which evidence is introduced in order to preserve the issue for review on appeal. *State v. Ringler*, 153 Vt. 375, 378, 571 A.2d 668, 670 (1989). Here, the court found that the offer was deficient as to reputation because it would be based on the witness's having talked with only five or six people. See *State v. Kelly*, 131 Vt. 582, 586, 312 A.2d 906, 908 (1973) ("reputation must be general in the community"). The testimony may have

been admissible as opinion evidence, see 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 608[04], at 608–24 to 608–27 (1991), but it was not offered on that basis. The trial court did not abuse its discretion in excluding the evidence.

*Affirmed.*