*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-364

APRIL TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Terry Doe | } | DOCKET NO. 13-1-10 Cncr |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Defendant was convicted of simple assault following a bench trial. On appeal he argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We affirm.

Defendant was charged with simple assault following an altercation involving his supervisor at the U.S. Postal Service. The dispute arose after the supervisor denied defendant's request to wear nonuniform shoes for an hour while sorting mail due to a painful foot condition. Following the trial, the court found defendant guilty. As noted above, defendant challenges the sufficiency of the evidence on appeal. Thus, on review, we must consider "whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Ellis, 2009 VT 74, ¶ 21, 186 Vt. 232, (quotation omitted). Applying this standard, we find no error.

A person is guilty of simple assault if he "attempts to cause or purposely, knowingly or recklessly causes bodily injury to another." 13 V.S.A. § 1023. The complainant in this case testified that defendant punched him in the face, which caused him pain. The court found this testimony credible, and it was plainly sufficient to establish the elements of the crime. Defendant points to evidence that supported his theory of the case, but the trial court was not persuaded by this evidence. It is not the role of this Court to reweigh the evidence on appeal. State v. Hinchliffe, 2009 VT 111, ¶ 22, 186 Vt. 487 (noting it is factfinder's role to determine credibility of witness and weight of evidence). The evidence here was sufficient to establish defendant's guilt beyond a reasonable doubt.

Defendant next raises two claims of evidentiary error, neither of which was properly preserved. With respect to the first claim, the record shows that defense counsel asked defendant about a hobby he had engaged in during his time in the Navy, approximately twenty-four years earlier. The State objected on relevancy grounds. Defense counsel responded that the testimony "has to do with his boxing, and that had something to do with absence of visible signs of injury at the time of this incident." The court sustained the objection.

On appeal defendant argues the evidence is relevant because, as a former boxer, it is highly unlikely that he could have hit his supervisor in the manner alleged without leaving a mark. Under V.R.E. 103(a)(2), an error may not be predicated on a ruling excluding evidence

unless a substantial right of the party is affected and the "substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Even assuming that defense counsel's statement above could be construed as an offer of proof, the court did not err in excluding the evidence as irrelevant. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. The trial judge reasonably concluded that evidence that defendant had boxed as a hobby many years earlier was not pertinent to the question of whether defendant struck the complainant on this particular occasion. See <u>State v. Foy</u>, 144 Vt. 109, 115 (1984) (noting trial court has broad discretion in deciding questions of relevancy, and Supreme Court "will not interfere with discretionary rulings that have a reasonable basis").

Defendant's final claim relates to his testimony that there had been many grievances filed with the union since the complainant assumed his supervisory position several years earlier. Counsel showed defendant a document to refresh his recollection as to the exact number of grievances that had been filed. The State objected on relevancy grounds, and the court sustained the objection. Defendant did not make any offer of proof. See <u>State v. Ringler</u>, 153 Vt. 375, 378 (holding party claiming error must do more than merely make known evidence he wishes to be admitted, he must also demonstrate grounds for admissibility unless obvious from context). Defendant does not argue plain error, and we find none. Even if this claim of error had been preserved, however, we would find it without merit. The court reasonably concluded that the number of grievances filed was irrelevant to the issues at hand. We note that, in any event, the trial court was aware—through testimony by the complainant—that numerous grievances had been filed during his tenure as supervisor.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice